# UNITED STATES *v.* MORGAN.

No. 31.   Argued October 19, 1953.—Decided January 4, 1954.

*Beatrice Rosenberg* argued the cause for the United States. With her on the brief were *Acting Solicitor General Stern* and *Assistant Attorney General Olney*.

By special leave of Court, *pro hac vice, Jacob Abrams,* argued the cause for respondent. Respondent filed a brief *pro se*.

MR. JUSTICE REED delivered the opinion of the Court.

This review on certiorari requires us to decide whether a United States District Court has power to vacate its judgment of conviction and sentence after the expiration of the full term of service.

On December 18, 1939, respondent pleaded guilty on a federal charge, in the Northern District of New York, and was given a four-year sentence which he served. Thereafter, in 1950, he was convicted by a New York

court on a state charge, sentenced to a longer term as a second offender because of the prior federal conviction,[1] and is now incarcerated in a state prison.

As courts of New York State will not review the judgments of other jurisdictions on habeas corpus or *coram nobis, People* v. *McCullough,* 300 N. Y. 107, 110, 89 N. E. 2d 335, 336–337, respondent filed an application for a writ of error *coram nobis* and gave notice of a motion for the writ in the United States District Court where his first sentence was received. Both sought an order voiding the judgment of conviction. The ground was violation of his constitutional rights through failure, without his competent waiver, to furnish him counsel. *Johnson* v. *Zerbst,* 304 U. S. 458. The District Court in an unreported decision treated the proceeding as a motion under 28 U. S. C. § 2255 [2] and refused relief because it had no jurisdiction as the applicant was no longer in custody under its sentence, citing *United States* v. *Lavelle,* 194 F. 2d 202, a controlling authority on that point. On appeal, the Court of Appeals reversed. It held that 28 U. S. C. § 2255 did not supersede "all other remedies which could be invoked in the nature of the common law writ of error *coram nobis.*" As it considered that the remedy sought was of that kind and the application justified a hearing because the error alleged was "of fundamental character," the Court of Appeals reversed and, without passing upon

---

[1] New York Penal Law, § 1941.

[2] 28 U. S. C. § 2255:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

the sufficiency of the allegations, directed remand for further proceedings. *United States* v. *Morgan,* 202 F. 2d 67. Deeming the decision to conflict with *United States* v. *Kerschman,* 201 F. 2d 682, we granted certiorari. 345 U. S. 974.

The foregoing summary of steps discloses respondent's uncertainty in respect to choice of remedy. The papers are labeled as though they sought a common-law writ of error *coram nobis* but the notice of the motion indicates that an order voiding the judgment is sought. In behalf of the unfortunates, federal courts should act in doing justice if the record makes plain a right to relief.[3] We think a belated effort to set aside the conviction and sentence in the federal criminal case is shown. We therefore treat the record as adequately presenting a motion in the nature of a writ of error *coram nobis* enabling the trial court to properly exercise its jurisdiction. *Adams* v. *McCann,* 317 U. S. 269, 272.[4] So treating the motion,

---

[3] *Darr* v. *Burford,* 339 U. S. 200, 203–204:

"The writ of habeas corpus commands general recognition as the essential remedy to safeguard a citizen against imprisonment by State or Nation in violation of his constitutional rights. To make this protection effective for unlettered prisoners without friends or funds, federal courts have long disregarded legalistic requirements in examining applications for the writ and judged the papers by the simple statutory test of whether facts are alleged that entitle the applicant to relief."

[4] Such a motion is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding. *Kurtz* v. *Moffitt,* 115 U. S. 487, 494. While at common law the writ of error *coram nobis* was issued out of chancery like other writs, Stephens, Principles of Pleading (3d Amer. ed.), 142, the procedure by motion in the case is now the accepted American practice. *Pickett's Heirs* v. *Legerwood,* 7 Pet. 144, 147; *Wetmore* v. *Karrick,* 205 U. S. 141, 151; *United States* v. *Mayer,* 235 U. S. 55, 67. As it is such a step, we do not think that Rule 60 (b), Fed. Rules Civ. Proc., expressly abolishing the

Rule 35, Fed. Rules Crim. Proc., allowing the correction of "an illegal sentence at any time" is inapplicable. Sentences subject to correction under that rule are those that the judgment of conviction did not authorize.[5]

Since this motion in the nature of the ancient writ of *coram nobis* is not specifically authorized by any statute enacted by Congress, the power to grant such relief, if it exists, must come from the all-writs section of the Judicial Code.[6] This section originated in the Judiciary Act of 1789[7] and its substance persisted through the Revised Statutes, § 716, and the Judicial Code, § 262, to its present form upholding the judicial power to attain justice for suitors through procedural forms "agreeable to the usages and principles of law."[8] If there is power granted to

---

writ of error *coram nobis* in civil cases, applies. This motion is of the same general character as one under 28 U. S. C. § 2255. See Reviser's Note. Cf. *United States* v. *Kerschman,* 201 F. 2d 682, 684. And see contra to the above note, *People* v. *Kemnetz,* 296 Ill. App. 119, 15 N. E. 2d 883.

[5] *United States* v. *Bradford,* 194 F. 2d 197, 201; see also *Tinder* v. *United States,* 345 U. S. 565.

[6] 28 U. S. C. § 1651 (a): "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

Reviser's Note:

"The revised section extends the power to issue writs in aid of jurisdiction, to all courts established by Act of Congress, thus making explicit the right to exercise powers implied from the creation of such courts."

[7] 1 Stat. 81–82:

"That all the before-mentioned courts of the United States, shall have power to issue writs of *scire facias, habeas corpus,* and all other writs not specially provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the principles and usages of law. . . ."

[8] See *United States Alkali Assn.* v. *United States,* 325 U. S. 196, 201; cf. *United States* v. *Beatty,* 232 U. S. 463, 467.

issue writs of *coram nobis* by the all-writs section, we hold it would comprehend the power for the District Court to take cognizance of this motion in the nature of a *coram nobis*. See note 4, *supra*. To move by motion instead of by writ is purely procedural. The question then is whether the all-writs section gives federal courts power to employ *coram nobis*.

The writ of *coram nobis* was available at common law to correct errors of fact.[9] It was allowed without limitation of time for facts that affect the "validity and regularity" of the judgment,[10] and was used in both civil and criminal cases.[11] While the occasions for its use were infrequent, no one doubts its availability at common law.[12] *Coram nobis* has had a continuous although limited use also in our states.[13] Although the scope of the

---

[9] 2 Tidd's Practice (4th Amer. ed.) 1136–1137:
"If a judgment in the King's Bench be erroneous in matter of *fact* only, and not in point of law, it may be reversed in the *same* court, by writ of error *coram nobis*, or *quae coram nobis resident;* so called, from its being founded on the record and process, which are stated in the writ to remain in the court of the lord the king, before the king himself; as where the defendant, being under age, appeared by attorney, or the plaintiff or defendant was a married woman at the time of commencing the suit, or died before verdict, or interlocutory judgment: for error in fact is not the error of the judges, and reversing it is not reversing their own judgment. So, upon a judgment in the King's Bench, if there be error in the *process*, or through the default of the *clerks*, it may be reversed in the same court, by writ of error *coram nobis: . . . .*"

[10] Stephens, Principles of Pleading (3d Amer. ed.), 143; 2 Bishop, New Criminal Procedure (2d ed.), 1181.

[11] See citations in n. 10, and *United States* v. *Plumer,* 27 Fed. Cas. 561, 572, Mr. Justice Clifford; *O'Connell* v. *The Queen,* 11 Cl. & Fin. (H. L. Rep.) 155, 233, 252.

[12] Archbold (7th ed., Chitty, 1840) 350, 389; 1 Holdsworth, History of English Law (1927), 224.

[13] A collection of these cases appears in an article by Abraham L. Freedman, Esq., 3 Temple L. Q. 365, 372. See *Bronson* v. *Schulten,* 104 U. S. 410, 416.

remedy at common law is often described by references to the instances specified by Tidd's Practice, see note 9, · *supra,* its use has been by no means so limited. The House of Lords in 1844 took cognizance of an objection through the writ based on a failure properly to swear witnesses. See the *O'Connell* case, note 11, *supra.* It has been used, in the United States, with and without statutory authority but always with reference to its common-law scope—for example, to inquire as to the imprisonment of a slave not subject to imprisonment, insanity of a defendant, a conviction on a guilty plea through the coercion of fear of mob violence, failure to advise of right to counsel.[14] An interesting instance of the use of *coram nobis* by the Court of Errors of New York is found in *Davis* v. *Packard,* 8 Pet. 312. It was used by the Court of Errors, and approved by this Court, to correct an error "of fact not apparent on the face of the record" in the trial court, to wit, the fact that Mr. Davis was consul-general of the King of Saxony and therefore exempt from suit in the state court.

This Court discussed the applicability of a motion in federal courts in the nature of *coram nobis* in *United States* v. *Mayer,* 235 U. S. 55, 67. There a convicted defendant alleged he discovered through no fault of his, only after the end of the term in which he was convicted, misconduct of an assistant United States attorney and concealed bias of a juror against him, the defendant.

---

[14] *Ex parte Toney,* 11 Mo. 661; *Adler* v. *State,* 35 Ark. 517; *Sanders* v. *State,* 85 Ind. 318; *Matter of Hogan* v. *Court,* 296 N. Y. 1, 9, 68 N. E. 2d 849, 852–853. See also a discussion of the New York cases by Judge Stanley H. Fuld, The Writ of Error Coram Nobis, 117 New York L. J. 2212, 2230, 2248, issues of June 5, 6, 7, 1947; Note, 34 Cornell L. Q. 596. *Spence* v. *Dowd,* 145 F. 2d 451; cf. *Hysler* v. *Florida,* 315 U. S. 411; *Taylor* v. *Alabama,* 335 U. S. 252; *People* v. *Green,* 355 Ill. 468, 189 N. E. 500.

This Court refused to direct consideration of the motion after the term expired because the remedy, if any, was by writ of error or motion for new trial. As it was not applicable in the circumstances of the *Mayer* case, this Court refused to say whether a motion *coram nobis* would ever lie in federal courts.[15] This Court has approved correction of clerical errors after the term. *Wetmore* v. *Karrick*, 205 U. S. 141, 154. However, we have not held that the writ of *coram nobis* or a motion of that nature was available in the federal courts.

In other federal courts than ours, there has been a difference of opinion as to the availability of the remedy. Chief Justice Marshall in *Strode* v. *The Stafford Justices*, 1 Brock. 162, 23 Fed. Cas. 236, overruled an objection to a writ of error *coram nobis* to set aside a fourteen-year-old judgment because of the death of one party prior to its rendition. In explication, the Chief Justice pointed out that the Judiciary Act of 1789, 1 Stat. 84, § 22, limited to five years the bringing of any writ of error and forbade it "for any error in fact." In allowing the *coram nobis*, he held that the section showed the writ of error

---

[15] ". . . and even if it be assumed that in the case of errors in certain matters of fact, the district courts may exercise in criminal cases—as an incident to their powers expressly granted—a correctional jurisdiction at subsequent terms analogous to that exercised at common law on writs of error *coram nobis* (See Bishop, New Crim. Pro., 2d ed., § 1369), as to which we express no opinion, that authority would not reach the present case. This jurisdiction was of limited scope; the power of the court thus to vacate its judgments for errors of fact existed, as already stated, in those cases where the errors were of the most fundamental character, that is, such as rendered the proceeding itself irregular and invalid." *Id.*, p. 69. See also *Bronson* v. *Schulten*, 104 U. S. 410, 416; *Phillips* v. *Negley*, 117 U. S. 665, 673.

In *United States* v. *Smith*, 331 U. S. 469, 475, note 4, we referred to the slight need for a remedy like *coram nobis* in view of the modern substitutes.

referred to was a writ on appeal and therefore the error in fact could not be examined except by *coram nobis.* The Courts of Appeals for the Sixth and Ninth Circuits have held the motion available for claims of insanity.[16] The Third and Fourth Circuits have made similar rulings in cases similar to this.[17]  The Fifth Circuit remanded for inquiry into a movant's allegation upon a similar motion that witnesses against him had been coerced by officers to commit perjury in testifying against him.[18]  In many other cases federal courts have taken cognizance of motions in the nature of *coram nobis* but denied them because the circumstances did not make *coram nobis* available.[19]  There are few cases where the power to consider a motion for *coram nobis* relief has been denied.[20]

The contention is made that § 2255 of Title 28, U. S. C., providing that a prisoner "in custody" may at any time move the court which imposed the sentence to vacate it, if "in violation of the Constitution or laws of the United States," should be construed to cover the entire field of remedies in the nature of *coram nobis* in federal courts. We see no compelling reason to reach that conclusion.

---

[16] *Allen* v. *United States,* 162 F. 2d 193; *Robinson* v. *Johnston,* 118 F. 2d 998, 1001, vacated and remanded for further proceedings, 316 U. S. 649.

[17] *Roberts* v. *United States,* 158 F. 2d 150; *United States* v. *Steese,* 144 F. 2d 439. See also *United States* v. *Monjar,* 64 F. Supp. 746.

[18] *Garrison* v. *United States,* 154 F. 2d 106; cf. *Pierce* v. *United States,* 157 F. 2d 848.

[19] *Tinkoff* v. *United States,* 129 F. 2d 21; *Barber* v. *United States,* 142 F. 2d 805; *Spaulding* v. *United States,* 155 F. 2d 919; *United States* v. *Moore,* 166 F. 2d 102; *Crowe* v. *United States,* 169 F. 2d 1022; *Bice* v. *United States,* 177 F. 2d 843; *United States* v. *Rockower,* 171 F. 2d 423; *Farnsworth* v. *United States,* 91 U. S. App. D. C. 121, 198 F. 2d 600.  Cf. *Strang* v. *United States,* 53 F. 2d 820.

[20] *United States* v. *Kerschman,* 201 F. 2d 682; *Gilmore* v. *United States,* 129 F. 2d 199.

In *United States* v. *Hayman,* 342 U. S. 205, 219, we stated the purpose of § 2255 was "to meet practical difficulties" in the administration of federal habeas corpus jurisdiction. We added: "Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights of collateral attack upon their convictions." We know of nothing in the legislative history that indicates a different conclusion. We do not think that the enactment of § 2255 is a bar to this motion, and we hold that the District Court has power to grant such a motion.

Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice. There are suggestions in the Government's brief that the facts that justify *coram nobis* procedure must have been unknown to the judge. Since respondent's youth and lack of counsel were so known, it is argued, the remedy of *coram nobis* is unavailable. One finds similar statements as to the knowledge of the judge occasionally in the literature and cases of *coram nobis.*[21] Such an attitude may reflect the rule that deliberate failure to use a known remedy at the time of trial may be a bar to subsequent reliance on the defaulted right.[22] The trial record apparently shows Morgan was without counsel. *United States* v. *Morgan,* 202 F. 2d 67, 69. He alleges he was nineteen, without knowledge of law and not advised as to his rights. The record is barren of the reasons that brought about a trial without

---

[21] 56 Yale L. J. 197, 233; 34 Cornell L. Q. 598; *Robinson* v. *Johnston,* 118 F. 2d 998, 1001, vacated and remanded for further proceedings, 316 U. S. 649.

[22] *Brown* v. *Allen,* 344 U. S. 443, 486; see *Gayes* v. *New York,* 332 U. S. 145, 149, note 3; note, 58 A. L. R. 1286.

legal representation for the accused.[23]   As the plea was "guilty" no details of the hearing appear.  Cf. *De Meerleer* v. *Michigan,* 329 U. S. 663.   In this state of the record we cannot know the facts and thus we must rely on respondent's allegations.

In the *Mayer* case this Court said that *coram nobis* included errors "of the most fundamental character." [24] Under the rule of *Johnson* v. *Zerbst,* 304 U. S. 458, 468, decided prior to respondent's conviction, a federal trial without competent and intelligent waiver of counsel bars a conviction of the accused.[25]   Where it cannot be deduced from the record whether counsel was properly waived, we think, no other remedy being then available and sound reasons existing for failure to seek appropriate earlier relief, this motion in the nature of the extraordinary writ of *coram nobis* must be heard by the federal trial court.[26]   Otherwise a wrong may stand uncorrected which the available remedy would right.   Of course, the absence of a showing of waiver from the record does not of itself invalidate the judgment.   It is presumed the proceedings were correct and the burden rests on the accused to show otherwise.   *Johnson* v. *Zerbst, supra,* at 468; *Adams* v. *McCann, supra,* at 281; cf. *Darr* v. *Burford,* 339 U. S. 200, 218.

Although the term has been served, the results of the conviction may persist.   Subsequent convictions may

---

[23] Until *Johnson* v. *Zerbst,* 304 U. S. 458, there was no uniform practice in the federal courts to have the orders show the judges' conclusion that there had been a competent waiver of counsel.  Cf. *United States* v. *Steese,* 144 F. 2d 439, 443.

[24] See note 15, *supra.   Barber* v. *United States,* 142 F. 2d 805, 807; *Bronson* v. *Schulten,* 104 U. S. 410, 416; Powell, Appellate Proceedings (1872), 108; Black, Judgments (2d ed.), 460.

[25] See also *Walker* v. *Johnston,* 312 U. S. 275; *Glasser* v. *United States,* 315 U. S. 60; Fed. Rule Crim. Proc. 44.

[26] Cf. *Brown* v. *Allen, supra,* at 485–486.

carry heavier penalties, civil rights may be affected.[27] As the power to remedy an invalid sentence exists, we think, respondent is entitled to an opportunity to attempt to show that this conviction was invalid.

*Affirmed.*

MR. JUSTICE MINTON, with whom THE CHIEF JUSTICE, MR. JUSTICE JACKSON and MR. JUSTICE CLARK join, dissenting.

I am unable to agree with the decision of the Court resurrecting the ancient writ of error *coram nobis* from the limbo to which it presumably had been relegated by Rule 60 (b) F. R. Civ. P. and 28 U. S. C. § 2255, assuming that the writ has ever been available in the federal courts to review criminal proceedings. A brief reference to the record will emphasize my reasons for doubting the wisdom of this action.

On December 18, 1939, respondent, upon a plea of guilty, was sentenced in a Federal District Court to four years' imprisonment on each of eight counts charging divers violations of 18 U. S. C. § 317 (now 18 U. S. C. §§ 1702, 1708) and 18 U. S. C. § 347 (now 18 U. S. C. § 500). The sentences ran concurrently and were fully served by respondent, during which time he never questioned their validity. In 1950, respondent was convicted of a state crime, apparently attempted burglary in the third degree, by a New York court and sentenced under that State's Multiple Offenders Law.[1] The 1939 federal conviction was relied upon to bring respondent within the multiple offenders statute, making possible an increased sentence for the state offense. Respondent is now imprisoned by New York pursuant to that sentence.

---

[27] *Fiswick* v. *United States*, 329 U. S. 211; Note, 59 Yale L. J. 786.

[1] New York Penal Law, § 1941.

Approximately fourteen months after the New York conviction, more than twelve years after being sentenced on the federal conviction, and more than eight years after the federal sentence was completed, respondent filed this "Application for a Writ of Error Coram Nobis" in the Federal District Court in which he had been convicted. He requested that the federal judgment of conviction "be set aside, vacated, and be declared null and void" since at the time of the conviction, he neither had the assistance of counsel nor was informed of his constitutional right to counsel, and at the time was only nineteen years of age and without knowledge of the law. Respondent did not allege his innocence of the federal charges or set forth any facts from which innocence could be inferred. And respondent has attempted no explanation of his prolonged delay in seeking to remedy the asserted violation of his constitutional rights, nor intimated that he is now suffering some federal disability as a result of the conviction.

The Court now holds that the validity of a conviction by a federal court for a federal offense may be inquired into, long after the punishment imposed for such offense has been satisfied, by a "motion in the nature of a writ of error *coram nobis*" whenever the federal conviction is taken into account by a state court in imposing sentence for a state crime. The basis for this highly unusual procedure is said to be the all-writs section of the Judicial Code, 28 U. S. C. § 1651 (a), which provides that:

"The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate *in aid of their respective jurisdictions and agreeable to the usages and principles of law.*" [2]

---

[2] Emphasis added.

I agree with the majority for the reasons given that procedures other than under the all-writs section are not open to respondent under the circumstances of this case. But I am also convinced that the all-writs section does not countenance the relief sought. Two essential prerequisites to the issuance of a writ pursuant to that statute are lacking: (1) the writ here authorized is not in aid of the jurisdiction of the District Court, and (2) the writ is not "agreeable to the usages and principles" of present-day law.

That the writ does not issue in aid of the jurisdiction of the District Court appears obvious. Respondent has received a final judgment of conviction, has satisfied the sentence imposed thereunder, and is no longer subject to punishment or control by the court because of the conviction. Therefore, I believe that the jurisdiction of the District Court has been exhausted, the judgment is *functus officio,* and we should hold that it is no longer subject to collateral attack, just as the courts generally have held that an appeal will not lie from a judgment of conviction when the judgment has been satisfied. *Gillen* v. *United States,* 199 F. 2d 454; *Bergdoll* v. *United States,* 279 F. 404.[3] Insofar as is shown here, all federal consequences of the proceedings have ended and hence the jurisdiction of the District Court should be held to have ended also. Cf. *Ex parte Lange,* 18 Wall. 163; *United States* v. *Plumer,* 27 Fed. Cas. 561, 573–574. See *Tinkoff* v. *United States,* 129 F. 2d 21, 23. Writs may be issued under the all-writs section in aid of a jurisdiction that already exists, not to regain a jurisdiction that has been exhausted. Cf. *Adams* v. *United States ex rel. McCann,* 317 U. S. 269; *Whitney* v. *Dick,* 202 U. S. 132; *M'Clung* v. *Silliman,* 6 Wheat. 598. If anything, the purpose of this writ would

[3] Decisions of state courts on the point are collected in 24 C. J. S., Criminal Law, § 1668; 17 C. J., Criminal Law, §§ 3326, 3327.

appear to be to aid the jurisdiction of the New York courts because of their professed inability to inquire into the validity of a federal conviction serving as a basis for an increased sentence under the multiple offenders law.[4]

As to the second prerequisite—that the writ be agreeable to the usages and principles of law—I am of the view that resort to the common-law writ of *coram nobis* has been precluded, if it was ever available in the federal courts to reach matters such as are involved here. See *United States* v. *Smith,* 331 U. S. 469, 475, note 4; *United States* v. *Mayer,* 235 U. S. 55; *United States* v. *Port Washington Brewing Co.,* 277 F. 306. The writ issued at common law to correct errors of fact unknown to the court at the time of the judgment, without fault of the defendant, which, if known, would probably have prevented the judgment.[5] The probability of a different result if the facts had been known is a prime requisite to the success of the writ. The sentencing court here must have known that respondent did not have an attorney and was not advised of his right to counsel, if such are the facts. What then was it that the court didn't know which if it had known would probably have produced a different result? The respondent doesn't say, nor does

---

[4] We do not know, moreover, that New York will modify its second offender sentence, imposed at a time when the federal conviction had not been questioned, even if the federal conviction is later vacated.

[5] *United States* v. *Mayer,* 235 U. S. 55, 67–69; *Robinson* v. *Johnston,* 118 F. 2d 998, 1001, vacated, 316 U. S. 649, rev'd on other grounds, 130 F. 2d 202; Freedman, The Writ of Error Coram Nobis, 3 Temp. L. Q. 365. The scope of the writ has been expanded by some States to provide a vehicle for collateral redress of denials of constitutional rights, usually because the traditional procedures for affording such relief are for some reason inadequate. *Hysler* v. *Florida,* 315 U. S. 411, 415; Fuld, The Writ of Error Coram Nobis, 117 N. Y. L. J. 2212, 2230, 2248; Note, 26 Ind. L. J. 529; Note, 39 Ky. L. J. 440.

he suggest how a lawyer might have helped him unless he picked the lock on the jailhouse door.[6]

Proceedings to obtain the writ are generally considered to be civil in nature,[7] just as habeas corpus is a civil proceeding although most often used to obtain relief from criminal judgments.[8] Rule 60 (b) of the Civil Rules expressly abolishes writs of error *coram nobis* and prescribes that civil proceedings for attacking a final judgment shall be by motion as provided in the Rules or by an independent action. Six grounds for such relief are set forth in Rule 60 (b),[9] which also requires that a motion thereunder shall be made within a year after the judgment if based on mistake, newly-discovered evidence, or fraud, and "within a reasonable time" if bottomed on other grounds.

---

[6] See *United States* v. *Moore,* 166 F. 2d 102.

[7] *People* v. *Kemnetz,* 296 Ill. App. 119, 15 N. E. 2d 883; *State* v. *Youngblood,* 221 Ind. 408, 48 N. E. 2d 55; *State* v. *Spencer,* 219 Ind. 148, 41 N. E. 2d 601; *State* v. *Ray,* 111 Kan. 350, 207 P. 192; *Elliott* v. *Commonwealth,* 292 Ky. 614, 167 S. W. 2d 703; cf. *United States* v. *Kerschman,* 201 F. 2d 682. See also cases collected in 24 C. J. S., Criminal Law, § 1606 (a).

[8] *Ex parte Tom Tong,* 108 U. S. 556.

[9] "MISTAKES; INADVERTENCE; EXCUSABLE NEGLECT; NEWLY DISCOVERED EVIDENCE; FRAUD, ETC. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . ."

Leaving open the question of whether respondent has advanced sufficient reasons for relief pursuant to Rule 60 (b) if the proceedings had been timely commenced, he has not established that these proceedings were instituted within a reasonable time after entry of the judgment of conviction, even if the one-year period of limitation is not applicable. Respondent has not sought to explain his long delay in seeking to set aside the federal judgment, and twelve years' delay would appear to be unreasonable on its face, absent unusual circumstances which are not shown to be present here. *United States* v. *Moore,* 166 F. 2d 102, 105; *Farnsworth* v. *United States,* 91 U. S. App. D. C. 121, 198 F. 2d 600; *United States* v. *Bice,* 84 F. Supp. 290, aff'd, 177 F. 2d 843.

Apparently, having once abolished the common-law writ of *coram nobis,* the Court now undertakes to reestablish it under the name of "a motion in the nature of *coram nobis*" in order to escape the limitations laid down in Rule 60 (b). Rule 60 (b) is said to be inapplicable because *coram nobis* may be sought by a motion in the criminal case rather than in a separate, independent proceeding. There is no indication that this "application" was intended as a motion in the case rather than an independent proceeding to set aside the prior judgment, and several courts have stated that *coram nobis* proceedings retain their civil character under the modern practice.[10]

But assuming the Civil Rules to be inapposite, I believe that Congress superseded the common-law writ of *coram nobis* in enacting 28 U. S. C. § 2255.[11] As

---

[10] See cases cited in note 7, *supra.*

[11] "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

the Reviser's Note makes clear, that section "restates, clarifies and simplifies the procedure *in the nature of the ancient writ of error coram nobis."* [12] H. R. Rep. No. 308, 80th Cong., 1st Sess. A–180. See *United States* v. *Hayman,* 342 U. S. 205, 214–219. In enacting this comprehensive procedure for collateral attacks on federal criminal judgments, Congress has supplied the remedy to which resort must be had. Since Congress did not see fit in § 2255 to extend the remedy there provided to persons not in federal custody under the judgment attacked, I do not feel free to do so.

It may be said that the federal conviction is still being used against respondent and, therefore, some relief ought to be available. Of course the record of a conviction for a serious crime is often a lifelong handicap. There are a dozen ways in which even a person who has reformed, never offended again, and constantly endeavored to lead an upright life may be prejudiced thereby. The stain on his reputation may at any time threaten his social standing or affect his job opportunities, for example. Is *coram nobis* also to be available in such cases? The relief being devised here is either wide open to every ex-convict as long as he lives or else it is limited to those who have returned to crime and want the record expunged to lessen a subsequent sentence. Either alternative seems unwarranted to me.

The important principle that means for redressing deprivations of constitutional rights should be available often clashes with the also important principle that at some point a judgment should become final—that litiga-

---

impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

[12] Emphasis added.

tion must eventually come to an end. These conflicting principles have traditionally been accommodated in federal criminal cases by permitting collateral attack on a judgment only during the time that punishment under the judgment is being imposed, and Congress has so limited the use of proceedings by motion under 28 U. S. C. § 2255. If that is to be changed, Congress should do it.