Thomas W. MOON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15148.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 10, 1959.

Decided Nov. 5, 1959.

Petition for Rehearing En Banc Denied
Dec. 9, 1959.

Mr. Charles S. Rhyne, Washington, D. C. (appointed by this court) with whom Mr. Lenox G. Cooper, Washington, D. C., was on the brief, for appellant.

Mr. Edward C. O'Connell, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before EDGERTON, WASHINGTON and BASTIAN, Circuit Judges.

WASHINGTON, Circuit Judge.

This is an appeal from an order of the District Court denying without a hearing appellant's motion to vacate his criminal sentence under the provisions of Section 2255, Title 28, U.S.Code (1958). ■■■ In this case, as in Thomas v. United States, 1959, 106 U.S.App.D.C.

——, 271 F.2d 500, the central issue raised turns on the fact that appellant is not now in custody under the sentence which he attacks. He is confined under another Federal sentence which will not expire for some years, whereupon the sentence presently attacked will start to run. Counsel appointed by this court has ably presented a strong case for allowing appellant relief under Section 2255—at the least to the extent of ordering a hearing to be held to determine the truth of the facts alleged in the petition, pointing out that to wait until appellant is actually serving the sentence under attack might mean such a delay that essential witnesses would be unavailable. We are obliged to reject this argument, as we did a similar contention in the Thomas case, supra, in the light of Heflin v. United States, 1959, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407. A majority of the Supreme Court there was firmly and flatly of the view that Section 2255 was not available to attack a sentence which the prisoner was not yet serving.

■■■ Although relief under Section 2255 is not open to the appellant,[1] we must nevertheless read his petition to determine whether under any view of it he is entitled to relief on some other basis. Considering his petition as one in habeas corpus, we are also bound by authority to deny that remedy because the prisoner is not actually serving the sentence he attacks. McNally v. Hill, 1934, 293 U. S. 131, 55 S.Ct. 24, 79 L.Ed. 238.

■■■ Appellant's counsel further urges us to view the petition as one invoking the ancient writ of error *coram nobis*, and to grant a hearing on that ground. We agree with counsel that relief in the nature of *coram nobis* can for appropriate reasons be invoked to review a sentence which petitioner has not yet started to serve. This court so held in the Thomas case, supra. Such relief, if it is available at all, is allowable "without limitation of time." United States v. Morgan, 1954, 346 U.S. 502,

1. We intimate no opinion, of course, as to the sufficiency of the petition as a basis for relief under Section 2255, were that section now available.

507, 74 S.Ct. 247, 250, 98 L.Ed. 248. The basis upon which relief in the nature of *coram nobis* will be granted was discussed at length in the Morgan case, and that discussion need not be repeated here.[2] It is enough to note that the function of the writ was primarily to correct errors of fact on the part of the trial court, not attributable to the negligence of the defendant, when the errors alleged are "of the most fundamental character; that is, such as rendered the proceeding itself irregular and invalid." United States v. Mayer, 1914, 235 U.S. 55, 69, 35 S.Ct. 16, 19, 59 L.Ed. 129; Morgan, supra, 346 U.S. at pages 507, 512, 74 S.Ct. at pages 250, 253. Usually, if not always, such errors of fact are not apparent on the face of the record, and were unknown to the trial court. Usually, too, the litigant must present a case so strong that "action to achieve justice" is compelled. Morgan, supra, 346 U.S. at page 511, 74 S.Ct. at page 252. For example, as we held in Thomas, relief in the nature of *coram nobis* may be granted "to review convictions which are allegedly based on coerced pleas of guilty." But relief of that sort will not ordinarily be granted "to correct errors committed in the course of a trial, even though such errors relate to constitutional rights." Howell v. United States, 4 Cir., 172 F.2d 213, 215, certiorari denied 1949, 337 U.S. 906, 69 S.Ct. 1048, 93 L.Ed. 1718. And this is particularly true where petitioner was represented by counsel at trial. See Smith v. United States, 1950, 88 U.S.App.D.C. 80, 187

F.2d 192, certiorari denied 1951, 341 U.S. 927, 71 S.Ct. 792, 95 L.Ed. 1358.

■■ Here petitioner had counsel at his trial, and he does not assert that counsel's representation was so ineffective as to deprive him of his rights under the Sixth Amendment.[3] In substance, he claims, rather, that his rights against self incrimination and to a fair trial were violated because (1) he was unlawfully arrested without a warrant, (2) evidence secured from him and others subsequent to his illegal arrest and in violation of Fed.R.Crim.P. 5(a), 18 U.S.C., was introduced at trial, (3) the trial court refused to grant severance, with the result that evidence was presented against his co-defendants which was prejudicial to him, and (4) certain police officers committed perjury in denying that appellant had been arrested without a warrant.

The first three allegations appellant makes go simply to the circumstances of his arrest and detention and to the conduct of the trial. Assuming their truth, they are clearly insufficient as grounds for *coram nobis*. As to the fourth allegation, appellant does not claim that perjured evidence formed the basis of his conviction. Such a claim might perhaps be grounds for *coram nobis*. See Tinkoff v. United States, 7 Cir., 1942, 129 F.2d 21. Appellant's claim of perjury simply goes to a collateral matter, relative to the manner of his arrest. Illegality of arrest is not a ground for *coram nobis*. Jones v. United States, supra, note 3. The fourth allegation is thus insufficient.

2. Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C., provides in part that "Writs of coram nobis * * * are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action." The Supreme Court in Morgan, supra, held that by virtue of the all-writs section of the Judicial Code, 28 U.S.C. § 1651(a), the Federal courts could take cognizance of a "motion in the nature of a *coram nobis*." 346 U.S. at page 507, 74 S.Ct. at page 250. "To move by motion instead of by writ is purely procedural." Ibid.

References in this opinion to "coram nobis" should therefore be understood to mean "motion in the nature of coram nobis."

3. We do not mean to infer, of course, that such an allegation would necessarily require relief in the nature of *coram nobis*. Cf. Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787, certiorari denied 1958, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86; United States v. Morgan, supra; Jones v. United States, 103 U.S.App.D.C. 326, 258 F.2d 420, certiorari denied 1958, 357 U.S. 932, 78 S.Ct. 1377, 2 L.Ed.2d 1374.

Appellant's allegations taken separately do not constitute a basis for *coram nobis*; taken together they do not show a lack of a fair trial or the sort of miscarriage of justice which might call for immediate relief. In Thomas, we held that the relief there sought and the grounds therefor were "both cognizable within the scope of the common law writ of error *coram nobis*." Accordingly, we remanded that case to the District Court for further proceedings in which the court would consider the petition as an application for relief in the nature of *coram nobis*. In contrast, we find in this case that the petition is insufficient on its face as an application for *coram nobis*, assuming all its allegations to be true. In such circumstances there is no basis for a remand, and we must affirm the denial of relief. Cf. Adams v. United States, 1955, 95 U.S.App.D.C. 354, 222 F.2d 45. The order of the District Court will be

Affirmed.

Mr. Bryce Rea, Jr., Washington, D. C. (appointed by this court) for appellant in No. 15114.

Mr. Joseph S. McCarthy, Washington, D. C. (appointed by this court) for appellant in No. 15115.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and EDGERTON and DANAHER, Circuit Judges.