**Susie V. WATWOOD, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 2531.

Municipal Court of Appeals for the District of Columbia.

Argued March 28, 1960.

Decided June 28, 1960.

Eloise E. Davies, Washington, D. C., with whom Shipley, Akerman & Pickett, Washington, D. C., were on the brief, for appellant.

Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Washington, D. C., was on the brief, for appellee. Milton D. Korman, Principal Asst. Corp. Counsel, Washington, D. C., entered an appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

On October 25, 1955, appellant was convicted of disorderly conduct and sentenced to pay a fine of $10, but the trial court vacated the sentence and then suspended imposition of sentence. On the same day appellant was convicted of four traffic violations (failure to stop at a stop sign, illegal parking, failure to exhibit registration certificate, and failure to exhibit driver's permit) for which she was sentenced to pay fines of $5, $3, $3, and $3. In each of the five cases she applied to this court for allowance of appeal.[1] All five applications were denied November 28, 1955. Four and one-half months later appellant filed a motion for reconsideration of her applications for allowance of appeals. This motion was denied on April 25, 1956. On May 4, 1956, appellant filed a petition in the United States Court of Appeals for the District of Columbia, seeking allowance of appeal from our order denying her motion for reconsideration. On June 21, 1956, the United States Court of Appeals denied her petition. She then filed a petition in the Supreme Court of the United States for a writ of certiorari, and this petition was denied October 15, 1956.[2] About two and one-half years later appellant instituted the present proceeding.

■ The present proceeding, entitled a motion to set aside judgment, and described in appellant's brief here as a "motion to set aside a judgment of conviction in the nature of a common law writ of *coram nobis*," is addressed only to the disorderly conduct conviction. It was presented to the trial judge who presided at the original trial. It was submitted without argument, and the trial judge after review of the record denied the motion. This appeal is from that denial.

1. Code 1951, § 11–772.

2. Watwood v. District of Columbia, 352 U.S. 871, 77 S.Ct. 95, 1 L.Ed.2d 76.

The basis for the claim to the extraordinary relief here sought is appellant's claim that she went to court without counsel to answer the four traffic charges and there learned for the first time that she was also charged with disorderly conduct; that on learning of the pendency of that charge she requested an opportunity to obtain counsel; that her request was denied and she was forced to trial without the benefit of counsel.

Preliminarily we note that although appellant had no counsel at trial or when she applied to this court for allowance of appeals, she has been represented by counsel in all subsequent proceedings. We also note that the claim of denial of opportunity to obtain counsel was not made in the original application for appeal, although it was asserted in her motion here for reconsideration. Whether it was asserted as ground for relief in the United States Court of Appeals or in the Supreme Court we do not know.

Appellant relies heavily on United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248. In the briefs here there is considerable discussion of the question whether the trial court has power to entertain a motion in the nature of the writ of coram nobis, but the trial court did consider and act upon the motion, so appellant's claim here is not that the court refused to consider the motion, but, instead, is that in acting upon the motion the court was in error in not granting the relief requested.

Assuming the jurisdiction of the trial court, and guided by the principles of United States v. Morgan, supra, we find no error. In Morgan it was pointed out that the presumption is that the proceedings at trial were correct "and the burden rests on the accused to show otherwise."[3] Can it be said that appellant carried her burden? All she did was to make the allegations in

3. 346 U.S. 502, 512, 74 S.Ct. 247, 253.

her motion. She tendered no proof to support her allegations. In fact, her points and authorities, filed in support of her motion, concluded with this statement: "Attorneys for the defendant (appellant) respectfully request that the Court consider the above motion on the pleadings without argument or the appearance of counsel." In accordance with that request the trial court reviewed the record and came to the conclusion that "the initial decision was just, proper and reasonable." The trial court did not make any specific finding on the claim of denial of opportunity to secure counsel, but in view of appellant's failure to tender any proof of her claim, we cannot say this was error.

Appellant says that the trial court was obliged to determine whether the allegations, "if proven true," would constitute a basis for relief, and, if they did, reopen the case for the taking of testimony. This argument misconceives the obligation resting on appellant to prove her allegations. Had she asked for a hearing on her motion and an opportunity to submit proof of her allegations, we might have another question; but she deliberately submitted her motion on the pleadings. Pleadings do not take the place of proof.

It could be argued that because the judge who heard the motion was the same judge who presided at trial, and who is alleged to have denied the opportunity to secure counsel, the judge had personal knowledge of the facts alleged and therefore no proof was required. If this approach is taken, we run squarely against the proposition that the function of the writ of coram nobis was to correct errors of fact outside the record, that is, errors of fact that were not known by the trial court. "Usually, if not always, such errors of fact are not apparent on the face of the record, and were unknown to the trial court." Moon v. United States, 106 U.S.App.D.C. 301, 303, 272 F.2d 530, 532.

Affirmed.