UNITED STATES, Appellant,

v.

Michael B. HIGDON, Appellee.

No. 84–1050.

District of Columbia Court of Appeals.
Argued June 18, 1985.
Decided Aug. 12, 1985.

Bradley L. Kelly, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell and Judith Hetherton, Asst. U.S. Attys., Washington, D.C., were on brief, for appellant.

Charles F. Stowe for appellee.

Before PRYOR, Chief Judge, MACK, Associate Judge, and PAIR, Associate Judge, Retired.

PER CURIAM:

The government appeals from the trial court's order granting appellee's petition for a writ of error *coram nobis* and vacating his sentence for second-degree burglary. We reverse.[1]

I

Appellee pleaded guilty to one count of second-degree burglary, and was sentenced by Judge Murphy, on August 15, 1983, to a term of one to three years in prison. This sentence was to run consecutively to an eight-year term of imprisonment imposed by the Arlington, Virginia, County Circuit Court, for certain prior offenses.

On December 8, 1983, 115 days after sentencing, appellee filed a motion for re-

1. Appellee alleges that this court is without jurisdiction to hear this appeal because the trial court's order granting appellant's motion to extend the time for filing a notice of appeal is defective. Upon reviewing the record, we conclude that the trial court properly granted appellant's motion, pursuant to D.C.App.R. 4(b)(3).

duction of sentence pursuant to Super.Ct. Crim.R. 35(b). On December 19, Judge Murphy denied appellee's motion on the merits.[2]

Appellee was paroled from the Commonwealth of Virginia Department of Corrections in March 1984, and immediately began serving his District of Columbia sentence at the Lorton Correctional Facility. Thereafter, appellee filed a petition for a writ of error *coram nobis* to have his sentence vacated. Appellant alleged that his sentence was improper because,

> no mitigating evidence [was] presented to the Court at sentencing, [and therefore] the Court was prevented from considering any relevant and crucial information in imposing sentence other than the presentence report.

In support of his petition, appellee included a proposed sentencing plan prepared by the National Center on Institutions and Alternatives (NCIA). This plan contained information about appellee including his school records, his District of Columbia and Virginia presentence reports, the charging documents in this case, a list of mitigating factors to be considered in sentencing, other relevant research on issues pertaining to the case, and a proposed sentence.

Although a copy of appellee's petition was served on the government on May 9, 1984,[3] the government did not file a timely response to the petition.[4] A representative of the United States Attorney's Office was present at the scheduled hearing on the petition, on June 15, 1984, but was not familiar with appellee's case, and did not participate in the hearing in any meaningful way. Following the hearing, Judge Murphy granted appellee's petition for writ of error *coram nobis*, and set aside the previously imposed sentence. Judge Mur-

phy then resentenced appellee to one to three years imprisonment, but placed appellee on two years probation with a requirement of 200 hours of community service.

Thereafter, the government filed a motion for reconsideration of the June 15 decision. The trial court denied the government's motion on the grounds that the government's inaction with respect to appellee's petition constituted "plain neglect," and that in light of the government's failure to oppose appellee's petition, the court had treated the petition as "conceded." This appeal followed.

## II

A writ of error *coram nobis* is an "extraordinary remedy" which should be granted "only under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511, 74 S.Ct. 247, 252, 98 L.Ed. 248 (1954). At common law, the function of such a writ was to "correct errors of fact on the part of the trial court, not attributable to the negligence of the defendant, when the errors alleged [were] 'of the most fundamental character; that is, such as rendered the proceeding itself irregular and invalid.'" *Moon v. United States*, 106 U.S.App.D.C. 301, 303, 272 F.2d 530, 532 (1959) (quoting *United States v. Mayer*, 235 U.S. 55, 69, 35 S.Ct. 16, 19, 59 L.Ed. 129 (1914)). The writ was intended to correct errors of fact not apparent on the face of the record and unknown to the trial court. *Id.* at 303, 272 F.2d at 532; *see Watwood v. District of Columbia*, 162 A.2d 486, 487 (D.C.1960). In reviewing a petition for such a writ, there is a presumption that the proceeding in question was without error, and the peti-

---

2. The government points out that the trial court was without jurisdiction to enter this ruling in light of our holding in *United States v. Nunzio*, 430 A.2d 1372 (D.C.1981) (120-day requirement in Rule 35(b) is a jurisdictional requirement and not a filing limit).

3. In addition to receiving a copy of the petition, the government was notified by letter from

Judge Murphy's law clerk that it had twenty days in which to file an opposition to the petition.

4. The government's response was filed on July 11, 1984, nearly one month after Judge Murphy entered the order granting appellee's petition.

tioner bears the burden of showing otherwise. *Id.* at 487.

■ We have reviewed the record in this case and do not believe that appellee carried his burden of showing that an error amounting to a "miscarriage of justice," *Moon v. United States, supra,* 106 U.S. App.D.C. at 303, 272 F.2d at 532, occurred at his sentencing hearing. Thus, we conclude that the trial court abused its discretion in granting appellee's petition for relief.

In his petition, appellee maintained that his sentencing hearing was fatally flawed because his counsel failed to set forth "mitigating factors" for the trial court's consideration, and failed to have witnesses testify on appellee's behalf at the hearing. Appellee argued that if this information had been available to the court before or at sentencing, the court would not have imposed the sentence that it did. We find appellee's contentions without merit, because first, evidence of the mitigating factors, highlighted in the Memorandum of Points and Authorities accompanying appellee's petition for the writ of error *coram nobis,* were before the court at the time of the sentencing hearing; and second, in any event, appellee's contentions amounted to a claim of ineffective assistance of counsel, which must properly be pursued under D.C.Code § 23–110 (1981), and not under a writ of error coram nobis.

Upon reviewing both the presentence report and the NCIA study, we are hard pressed to find any significant mitigating evidence which is present in the latter but not the former. The mitigating factors set forth in the presentence report included a stable home environment with close family ties; no history of drug or alcohol abuse; and limited prior criminal involvement. The NCIA study emphasized these very same factors. The study's only additions were references to the positive institutional adjustment appellee made while incarcerated in Virginia, and the non-violent nature

of appellee's offenses (a factor that the trial court was obviously aware of at the time of sentencing).

Moreover, Judge Murphy's remarks during the August 15 sentencing hearing make clear that the court took mitigating factors into consideration in sentencing appellee. Judge Murphy stated:

*You plead guilty. I'll give you a break because of that* but you committed a crime in this town so you owe us some— some of your time. The Court sentences you to one to three years.... You've got a—you're a young man. You went off on a life of crime. You weren't very good at it 'cause you ultimately got caught. *I could have given you five to fifteen* ... [i]t is only one to three ... you are a young man and I hope you'll learn from the experience. [Emphasis added.]

Thus, it is evident that appellee's petition for a writ of error *coram nobis* did not set forth errors of material fact unknown to the trial court at the sentencing hearing. Moreover, even assuming certain factors set forth in the NCIA study were not presented to the trial court at the sentencing hearing, we do not believe such omissions amounted to a fundamental flaw in the proceedings, in light of the list of mitigating factors which was contained in the presentence report, defense counsel's oral presentation at the sentencing hearing, and the trial court's own remarks.

In sum, appellee did not carry his burden of proving that his sentence should be vacated in favor of a lesser sentence. Moreover, insofar as appellee was contending that defense counsel did not put forth an adequate defense presentation at the hearing, his claim is really one of ineffective assistance of counsel and should have been pursued through the proper vehicle.

Accordingly, the judgment of the court is reversed and remanded with instructions to reinstate the original sentence.[5]

*So ordered.*

5. Nothing in this opinion is meant to suggest that we condone the government's less than

exemplary behavior in their handling of this case. However, in light of the extraordinary nature of a writ of error *coram nobis,* we do not believe that it is a remedy that should have been granted by "default."