991 F.2d 797
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sylvanus Okoro KANU, Defendant-Appellant.
 No. 92-3368.
 United States Court of Appeals, Sixth Circuit.
 March 30, 1993.
 
 Before KENNEDY, NORRIS and SURHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant appeals the denial of his motion to vacate his guilty plea conviction and plea agreement. On March 16, 1983, a federal grand jury in the Northern District of Ohio returned an eight-count indictment charging defendant Sylvanus Okoro Kanu, a Nigerian national, with the illegal acquisition of firearms in violation of 18 U.S.C. §§ 922(a)(6), 924(a). Defendant knowingly and voluntarily pled guilty to count six of the indictment pursuant to a written plea agreement. The Rule 11 agreement essentially provided that defendant would plead guilty to one count, would be given credit for time served and would serve one-year probation. The agreement also provided that the Office of the United States Attorney would move to dismiss the remaining counts of the indictment and would not initiate or cooperate in any effort to deport defendant, a resident alien, on account of the conviction. Defendant failed to appear for sentencing. Defendant was later arrested and was sentenced on January 29, 1990, to one year in custody. No appeal was taken. On January 31, 1992, after serving his sentence, defendant filed a motion to vacate his conviction and plea agreement, which was denied by marginal entry on March 10, 1992. Defendant timely appealed. We affirm.
 
 I.
 
 2
 At the outset, the government argues that the District Court did not have jurisdiction to entertain defendant's motion because under Federal Rule of Criminal Procedure 32(d), a plea may be set aside after sentencing only on direct appeal or by motion to vacate sentence under 28 U.S.C. § 2255. We reject this argument. Because defendant was not in custody at the time he filed his motion, we construe his motion as in the nature of a petition for a writ of error coram nobis and find that the District Court properly exercised its jurisdiction. United States v. Morgan, 346 U.S. 502, 505 (1954) (mislabeled motion containing "belated effort to set aside the conviction" treated as presenting "a motion in the nature of a writ of coram nobis enabling the trial court to properly exercise its jurisdiction"). Under coram nobis, the court reviews factual errors committed in the original proceeding that are "of the most fundamental character, that is, such as rendered the proceeding itself invalid." Flippins v. United States, 747 F.2d 1089, 1091 (6th Cir.1984) (per curiam) (quoting United States v. Mayer, 235 U.S. 55 (1914)).
 
 II.
 
 3
 Paragraph six of the plea agreement provides as follows:
 
 
 4
 The office of the United States Attorney, Northern District of Ohio will not initiate or cooperate in any effort which might be directed toward deporting the defendant as a result of his conviction of the instant offense.
 
 
 5
 In his motion, Kanu claimed a breach of the plea agreement and asserted that 1) when he signed the plea agreement, his understanding was that he could not be deported without the cooperation of the United States Attorney's Office[1]; and 2) as a result of the plea agreement, he is now facing deportment charges. Defendant's motion does not allege that the United States Attorney's Office initiated or cooperated in any deportation proceedings against defendant.
 
 
 6
 On appeal, the issue is not whether the court erred in denying the motion, but whether the court erred in failing to grant Kanu an evidentiary hearing at which he could have produced evidence to support the allegations in his motion. Flippins, 747 F.2d at 1091. The above allegations are insufficient to support defendant's claim of a breach of the plea agreement and provide no basis to set aside defendant's plea and conviction. Because defendant's claims were "patently frivolous," we hold that it was not error for the District Court to have summarily dismissed defendant's motion. Id. at 1092 (quoting Blackledge v. Allison, 431 U.S. 63, 76 (1977)).
 
 III.
 
 7
 Accordingly, we AFFIRM the District Court's dismissal of defendant's motion.
 
 
 
 [1]
 The government suggests that an ineffective assistance of counsel claim can also be inferred from defendant's motion. After reviewing the motion, we conclude that the motion does not raise such a claim, nor can one be inferred from the motion's allegations. Defendant does not allege that his attorney was in any way deficient in his representation of defendant during plea negotiations