Star DOUGLAS, Appellant,

v.

UNITED STATES, Appellee.

No. 96–CO–1959.

District of Columbia Court of Appeals.

Argued Nov. 25, 1997.

Decided Dec. 18, 1997.

Benjamin B. Klubes, with whom Roberto Iraola, Washington, DC, was on the brief, for appellant.

Ann K.H. Simon, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney at the time the brief was filed, and John R. Fisher, Assistant United States Attorney, were on the brief, for appellee.

Before WAGNER, Chief Judge, and TERRY and KING, Associate Judges.

PER CURIAM:

On May 23, 1985, nineteen-year-old Star Douglas was sentenced to an adult term,

---

after her pleas of guilty to two misdemeanor charges. The sentences were imposed after the date of repeal of the Federal Youth Corrections Act (FYCA), but before the effective date of the Youth Rehabilitation Amendments Act (YRA).[1] It is undisputed that, because of her age, Douglas would have been eligible for sentencing under either provision had they been in effect at the time she was sentenced. On August 28, 1996, she filed a petition for a writ of error *coram nobis*, claiming she was entitled to be resentenced pursuant to the provisions of the YRA. The trial court denied the petition, and Douglas appealed. We affirm.

 There is no dispute concerning the legal principles that govern:

At common law, the function of [a writ of error *coram nobis*] was to "correct errors of fact on the part of the trial court, not attributable to the negligence of the defendant, when the errors alleged [were] 'of the most fundamental character; that is, such as rendered the proceeding itself irregular and invalid.' "

*United States v. Higdon*, 496 A.2d 618, 619 (D.C.1985) (quoting *Moon v. United States*, 106 U.S.App. D.C. 301, 303, 272 F.2d 530, 532 (1959) (additional citation omitted); *United States v. Hamid*, 531 A.2d 628, 631 (D.C. 1987)). "The writ ... provides a petitioner the opportunity to 'correct errors of fact not apparent on the face of the record and unknown to the trial court.' " *Hamid*, 531 A.2d at 631–632 (quoting *Watwood v. District of Columbia*, 162 A.2d 486, 487 (D.C.Mun.App. 1960)). The writ is an " 'extraordinary remedy' " which should be granted 'only under circumstances compelling such action to achieve justice.' " *Higdon*, 496 A.2d at 619 (quoting *United States v. Morgan*, 346 U.S. 502, 511, 74 S.Ct. 247, 252, 98 L.Ed. 248 (1954)). In short, the writ may not issue unless the petitioner demonstrates "error amounting to

a 'miscarriage of justice.' " *Id.* at 620 (quoting *Moon*, 106 U.S.App. D.C. at 303, 272 F.2d at 532). Finally, "there is a presumption that the proceeding in question was without error, and the petitioner bears the burden of showing otherwise." *Id.* at 619–620 (citation omitted). Because appellant did not satisfy this burden, the trial court properly declined to issue the writ in this case.

 The first requisite of a writ of error *coram nobis* is the existence of errors of fact requiring correction. We need not decide whether Douglas established all of the other requirements for the writ, because we are satisfied that she has failed to show that, at the time she was sentenced, there were facts in existence, unknown to the sentencing judge, which could have affected the judge's decision had the judge been aware of them.[2]

There is no dispute that the YRA had not been enacted when Douglas was sentenced. Therefore, the sentencing judge cannot be said to have made an error of fact in failing to view the YRA as an available sentencing option when sentence was imposed. Because there was no fact in existence at the time of sentencing that was unknown to the trial judge, the writ cannot lie. The purpose of the writ is "to correct the record in matters of fact existing at the time of the pronouncement of the judgment...." *Dwyer v. State*, 151 Me. 382, 120 A.2d 276, 281 (1956); *accord, Hamid, supra*, 531 A.2d at 646 (writ available where facts going to mitigation existed but were unknown to the sentencing judge at the time of sentencing); *Higdon, supra*, 496 A.2d at 619 (same). Therefore, because an essential requirement for issuance of the writ was not met, the trial court did not err in denying the petition.

Douglas's reliance on *Puente v. United States*, 676 F.2d 141 (5th Cir.1982), and *Rewak v. United States*, 512 F.2d 1184 (9th Cir.1975), is misplaced. In those cases the

---

1. *See* D.C.Code § 24–801 *et seq.* (1995 Repl.).

2. In *United States v. Hamid, supra,* this court set forth five prerequisites for the issuance of a writ of error *coram nobis*. These requirements are that:

(1) the trial court be unaware of the facts giving rise to petition; (2) the omitted information be such that it would have prevented the

sentence or judgment; (3) petitioner be able to justify the failure to provide the information; (4) the error be extrinsic to the record; and (5) the error be "of the most fundamental character."

*Hamid, supra, 531 A.2d at 634.* In order for appellant to prevail, she must satisfy each of these requirements. *Id.*

courts held that the writ of error *coram nobis* would issue, in circumstances involving adult sentences long since served, where the sentencing judge had not made a "no benefit" finding before rejecting a FYCA sentence for otherwise eligible offenders.[3] The courts reasoned that because the holdings requiring a "no benefit" finding were made retroactive to sentences previously imposed, the defendants were entitled to be resentenced. *See, e.g., Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974) (requiring a "no benefit" finding); *United States v. Jarratt,* 471 F.2d 226 (9th Cir.1972) (same; *Rewak* held the requirement applicable to sentences previously imposed); *Walls v. United States,* 544 F.2d 236 (5th Cir.1976) (*Dorszynski* retroactive in Fifth Circuit).[4] The decisions in *Puente* and *Rewak* provide no precedent for the circumstances here because the legislature did not provide that the YRA would apply retroactively except under circumstances not applicable here.[5]

Accordingly, because the trial court did not err in denying the petition for the writ, the judgment of the trial court is hereby

*Affirmed.*

3. Service of the sentence imposed was completed nine years earlier in *Puente* and ten years earlier in *Rewak.*

4. The federal circuits are split on the retroactivity issue. *See, e.g., United States v. Brackett,* 185 U.S.App. D.C. 394, 567 F.2d 501 (1977) (en banc) (*Dorszynski* is not retroactive to cases where the conviction is final).

5. A small window of opportunity was left open for some defendants who, like Douglas, had been sentenced during the period between the repeal of the FYCA and adoption of the YRA. Specifically, the YRA provided that its provisions could apply in those cases if a motion to reduce sentence had been filed within 120 days of the imposition of sentence. D.C. Law 6–69, Dec. 7, 1985, Section 10(b). It is undisputed that Douglas did not file a timely motion to reduce sentence; therefore, she could not avail herself of the relief accorded by this provision.