FILED
United States Court of Appeals
Tenth Circuit

October 28, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

CASEY JAMES NOWLIN,

Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

Respondent - Appellee.

No. 14-8050
(D.C. Nos. 2:13-CV-00220-ABJ and
2:03-CR-00208-ABJ-1)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before **GORSUCH**, **MURPHY**, and **McHUGH**, Circuit Judges.

Having already served his sentence and no longer able to obtain recourse through habeas, Mr. Nowlin now seeks a writ of coram nobis to set aside his federal assault convictions. *See generally Chaidez v. United States*, 133 S. Ct. 1103, 1106 n.1 (2013). Those convictions arose under 18 U.S.C. § 1153, a statute that makes it a federal offense for "[a]ny Indian" to commit certain offenses against "another Indian or other person" within "Indian country." Mr. Nowlin

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

contends that he is entitled to relief because insufficient evidence exists of his status as an "Indian."

The district court denied the petition and so must we. A writ of coram nobis is an "extraordinary remedy." *United States v. Morgan*, 346 U.S. 502, 511 (1954). For this reason, the writ will issue only to correct a "jurisdictional or constitutional" error that has "result[ed] in a complete miscarriage of justice." *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989). No such infirmity exists here.

Our case law employs a two-part test to determine who is an "Indian" under § 1153: a person must (1) have "some Indian blood" and (2) be "recognized as an Indian by a tribe or by the federal government." *United States v. Prentiss*, 273 F.3d 1277, 1280 (10th Cir. 2001). Mr. Nowlin argues that the first half of this test was not met. But his plea colloquy established that his mother is an enrolled member of the Shoshone tribe. And, as a previous panel recognized in an unrelated case involving Mr. Nowlin, the fact that one of his parents was "clearly identified as an Indian" is enough to satisfy this part of the test. *United States v. Nowlin*, 555 F. App'x 820, 823 (10th Cir. 2014) (quoting *United States v. Maggi*, 598 F.3d 1073, 1077 (9th Cir. 2010)) (internal quotation mark omitted).

Neither can Mr. Nowlin succeed in his argument that the Eastern Shoshone lacked federal recognition at the time of his crime. *See id.* at 823 n.1 (noting that *Prentiss* "implicitly requires federal recognition of the defendant's tribe"). Mr.

Nowlin points out that the Tenth Circuit did not remark upon the tribe's federal recognition until a 2012 decision. *See N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1275 (10th Cir. 2012). That's true enough, but tribal recognition doesn't require a judicial decision; it can flow from executive action. And the government has recognized this tribe since well before the events of this case. *See, e.g.*, Indian Entities Recognized and Eligible to Receive Services from the United States Bureau of Indian Affairs, 60 Fed. Reg. 9250, 9253 (February 16, 1995) (listing the "Shoshone Tribe of the Wind River Reservation").

Mr. Nowlin's motion to proceed in forma pauperis is denied and the judgment of the district court is affirmed. He is reminded of his obligation to pay the filing fee in full.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge