UNITED STATES of America, Plaintiff,

v.

John VALENTINO, Petitioner.

Cr. No. 31664.

United States District Court E. D. New York.

Feb. 11, 1960.

John Valentino, petitioner pro se.

Cornelius W. Wickersham, Jr., U. S. Atty. for the Eastern Dist. of New York, Dominick L. DiCarlo, Asst. U. S. Atty., Brooklyn, N. Y., for the United States.

BYERS, District Judge.

There is now before the court a paper entitled,

"Writ of Error Coram Nobis Title 28—2255."

The first page is addressed to the undersigned and states that the defendant above-named as petitioner will move "for a hearing to inquire concerning legality of a conviction had before this Honorable Court, as of June 12, 1932 for the crime of passing and possession of counterfiet (sic) monies.

"Proceeding in the nature of writ of error coram nobis to vacate the judgment of the aforementioned conviction, which, with subsequent convictions in the State Courts, formed the basis for petitioners life sentence as a fourth felony offender."

Upon receipt of this petition, the matter was referred to the United States Attorney for investigation, the result of which appears in an affidavit of the Assistant in charge, verified January 18, 1960. It therein appears that the Government's file in this case has been destroyed and that an examination of the records of the United States Penitentiary at Atlanta, Georgia, reveals all that can be brought to light of a formal nature in this connection.

The Clerk's docket contains the following information:

5/3/32—Indictment filed

5/4/32—Arraigned before Galston, J. Pleaded NG, bail $20,000. Ordered to return 5/6

5/6/32—Defendant present—adj. to 5/12/32

5/12/32—Defendant absent (in hospital)—adj. to 6/1/32

6/1/32—Defendant present before Byers, J. Adj. to 6/3/32 at defendant's request

6/3/32—Defendant present before Byers, J.—adj. to 6/8/32

6/8/32—Defendant present before Byers, J.—adj. to 6/9/32

6/9/32—Plea of NG withdrawn and pleads guilty before Byers, J.—Sentenced to 18 mos. imp. and 2000. fine with sentence to date from 3/27/32.

A copy of the said affidavit was sent to the petitioner and under date of January 23, 1960 he submitted an additional document entitled,

"Answer to Opposition Crim. No. 31664."

An examination of these various documents shows that the defendant was born December 27, 1902. Therefore he

was nearly thirty years of age when the sentence in question was imposed; and that he is now an inmate of the New York State Prison at Attica, N. Y. That means that he is not in custody in a federal institution, and therefore does not bring himself within the provisions of Title 28 U.S.C. § 2255. The inquiry is therefore directed to his application for a writ in the nature of coram nobis, within the decision of United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248.

There is no statement in the petitioner's papers of the events of his life between his release from federal custody in 1934 and the beginning of his present confinement except as hereinafter noted.

The petitioner presents two reasons as the basis of his present application:

(a) That he was not represented by an attorney at the time of his guilty plea and the imposition of sentence; and

(b) That he was actually insane at the latter date.

As to the first, there is no affirmative statement in the petitioner's papers, thus:

"Moreover, he had no attorney to guide him, or if one was available petitioner doubts if it would have made much difference, since his state of mind was so badly confused, and befuddeled (sic) that he has no independant (sic) Recollection of what took place in Court."

Again, in his so-called Answer to Opposition, the following appears:

"Petitioner stated that he did not recall having counsel. This is so because I have no independant (sic) recollection of the Courts proceedings at all. However, if I had a lawyer I would have found him out later through my wife or immediate family, * * *. She didnt mentioned (sic) a lawyer, and I am sure if there was one she would have told me his name."

The foregoing is at best a statement of present belief as to events about thirty years in the past, and is of it-self not sufficient to enable the petitioner to sustain his prima facie task in the face of the presumption of regularity which attaches to judicial proceedings, the need for which was recognized in Johnson v. Zerbst, 304 U.S. 458, at page 468, 58 S.Ct. 1019, 82 L.Ed. 1461; see also, United States v. Sumpter, 2 Cir., 228 F.2d 290; United States v. Rockower, 2 Cir., 235 F.2d 49; United States v. Russell, 2 Cir., 238 F.2d 605.

It should be said that the Clerk's docket does not indicate that an attorney was appointed to represent the defendant, and I have no personal recollection on the subject, but in view of the second aspect of the application it would be reasonable to suppose that the services of counsel would have been requisitioned by the court.

As to the second basis of the application, namely that the petitioner was insane at the time of the sentence, no such conclusion can be announced; the records which are available indicate that he was suffering from a mental condition that required hospitalization in an institution for mental diseases (see letter from the Bellevue Psychiatric Hospital of May 28, 1932) the parole report signed by the U. S. Attorney under date of July 29, 1932 and the Medical Certificate dated June 15, 1933 from which the following is quoted as the result of the examination conducted on the part of the United States Public Health Service:

"Patient has received two courses of tryparsamide and Bismuth. Wassermann is still positive. Otherwise essentially negative. Is a patient in 'F' Ward—Hospital."

It will be seen from the above tabulation of docket entries that the defendant was arraigned on May 4, 1932 and was present in court on four separate occasions thereafter prior to the date of imposition of sentence. The entry for May 12 is "Defendant absent (in hospital)—adj. to 6/1/32." The fact that Dr. Gregory reported to the Superintendent of the U. S. Detention Headquarters under date of May 28, 1932, as heretofore stated, is convincing evidence to this

court that no sentence could be imposed in justice to the defendant until his mental condition could be carefully understood and revealed. That report is in part as follows:

"Our examination and observation reveal that this defendant is suffering at the present time from syphilitic inflammation of the brain. * * * There are further neurological symptoms, such as pupillary changes, tremors and changes in the reflexes, etc., all of which point to the active syphilitic inflammation of the central nervous system."

The report of the psychiatric examination need not be quoted, but the concluding paragraph is,

"In view of the above symptoms, which we believe are progressive in character, as already stated, it is our opinion that this man requires hospitalization in an institution for mental diseases."

The above referred to Medical Certificate of Departing Prisoners dated June 15, 1933 would indicate that the defendant was hospitalized in the institution in Atlanta in accordance with the foregoing recommendation.

The available records are convincing that while the mentality of the defendant in the month of June 1932 was below normal, he was not legally insane, and therefore had to be dealt with on that basis.

From the petitioner's papers it appears that in 1937 he was adjudged legally insane and was committed to Matawan State Hospital at Beacon, New York, from which he was released in 1940.

As above stated, the court is without information as to the petitioner's history after that time, but it is a reasonable inference that the offenses which resulted in his present confinement were thereafter committed.

The petitioner has not presented facts which would tend to impair the legality of the proceedings in this court of which he now complains, nor have facts been brought to light as the result of the in-vestigation made by the United States Attorney to indicate good reason why the petition for a writ in the nature of coram nobis should be granted, or a hearing thereon should be held.

The petition is denied. The United States Attorney is directed to enter an order embodying the foregoing decision and to send a correct copy of both to the petitioner, by registered mail, within ten days from the date hereof.