**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Joseph J. AIUPPA, Defendant.**

**No. 69 CR 583.**

United States District Court,
N. D. Illinois, E. D.

Sept. 30, 1971.

William J. Bauer, U. S. Atty., and Asst. U. S. Atty., Michael P. Siavelis, Chicago, Ill., for plaintiff.

Carl M. Walsh, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

PERRY, District Judge.

The Court has now read and considered the motion of defendant to dismiss the indictment herein, and also in addition thereto defendant's motion to suppress certain evidence and return certain property seized from the defendant.

The Court has heard oral argument of the parties concerning said motions and has considered the same together with the memoranda of the parties.

The indictment in this case charges that the defendant having been previously convicted of a felony under Title 15 Section 1173 of the United States Code by a Court of the United States, being the United States District Court for the Northern District of Illinois, Eastern Division, did unlawfully possess twenty-nine firearms.

The motion to suppress seeks the return to the defendant of One Remington Arms Company 28-gauge–11–48 single barrel shotgun Serial No. 4017105 P.D. that was seized from the defendant on August 19, 1969 pursuant to a search warrant. The motion charges that said firearm was seized and is now held by the government contrary to defendant's constitutional rights.

The motion to dismiss the indictment herein charges that defendant's original conviction by the United States District Court for the Northern District of Illinois, Eastern Division, was an unconstitutional conviction, void ab initio. Defendant further alleges that such conviction being void ab initio was then and now is an unconstitutional conviction and it being a condition precedent to the indictment herein, that the indictment herein is void and should be dismissed.

The facts are that the defendant Joseph J. Aiuppa was convicted in 1955 in this Court of failure to register as a dealer in gambling devices under Section 1173 of Title 15 of the United States Code. Thereafter the United States Supreme Court held such registration requirement to be unconstitutional as violative of the Fifth Amendment to the United States Constitution, Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968).

Thereafter the United States Supreme Court held that its decisions in the foregoing cases are retroactive. United States v. United States Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed. 2d 434, decided by the Supreme Court on April 5, 1971.

Meanwhile the defendant had filed in this Court a suit entitled Joseph J. Aiuppa v. United States of America, case number 69 C 1836 wherein he sought to have his prior conviction in this court vacated as being an unconstitutional conviction. That case came on for hearing before the judge to whom it was assigned and on July 19, 1971 the

Court entered a memorandum order the terms of which provided that "certainly a writ of error *coram nobis* may issue to vacate the unconstitutional conviction in this case. See United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) ; Wright, Federal Practice and Procedure, § 592. See also, Rule 35, F. R.Cr. Proc. Accordingly, the petition is granted and the conviction imposed in 54–CR–556 is vacated."

The United States has not seen fit to appeal this case, and in the opinion of this Court such an appeal would be frivolous and useless. The time for appeal has passed and the order vacating the conviction of defendant is not only in accordance with the law of the land but it is likewise the law of the case involved. Since the original conviction of the defendant Joseph J. Aiuppa has been declared by final judgment to be void and unconstitutional, retroactively it stands as void ab initio. Therefore there never was a valid conviction of the defendant in this Court in case numbered 54 CR 556.

The instant indictment is grounded upon said invalid conviction in this Court in Case No. 54 CR 556 and upon no other conviction. Since that conviction is now declared void retroactively and ab initio it was a void and invalid conviction on and before August 19, 1969. The indictment herein under Title 18 Appendix, United States Code, Section 1202 required a prior conviction in order to lie against the defendant. There being at the time of such indictment no valid conviction of defendant the indictment herein must fall.

Accordingly, the motion by defendant to dismiss the indictment is granted and said indictment is hereby dismissed.

It follows without further discussion that the defendant's motion to suppress becomes moot, but that part of said motion that calls for the return of the property seized must be granted and the Government is ordered to return to defendant Joseph J. Aiuppa the firearm seized and above described.