**Robert Edward LIPSCOMB, Petitioner,**

v.

**UNITED STATES of America, Defendant.**

No. 76–63 C (A).

United States District Court, E. D. Missouri, E. D.

Sept. 15, 1976.

Robert E. Lipscomb, pro se.

Frank A. Bussmann, Asst. U. S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM

HARPER, Senior District Judge.

Robert Edward Lipscomb brings an action in the Federal District Court to grant post-conviction relief under the provisions of 28 U.S.C. § 1651(a), which he styles a Writ of Error Coram Nobis. This petition is filed some twenty-five years after conviction. This Court sees the motion as a § 2255, but Lipscomb has authority under *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), for his position seeking Error Coram Nobis, so it will be accepted as such, since *Morgan* holds that the enactment of § 2255 is not a bar to this motion, p. 511, 74 S.Ct. 247.

Lipscomb pleaded guilty in this Federal District Court to five counts of violation of 18 U.S.C. § 472. On April 6, 1951, he was sentenced to five years imprisonment on each count, the sentences to run consecutively. Lipscomb has served that sentence and since then has been convicted four additional times, the last time being on January 16, 1975, when he was sentenced to four concurrent ten year terms for violation of 18 U.S.C. § 2314. He is presently in the custody of the Attorney General at Leavenworth, Kansas.

In seeking to vacate the judgment and sentence of this court imposed in 1951, petitioner claims that he was convicted in four counts with *passing,* and in one count with *possession* of forged twenty dollar Federal Reserve Notes. He claims these Federal Reserve Notes are not "security of the United States." He claims that while the bills that caused his conviction "may well have been in the semblance of a Federal Reserve Note, or a Federal Reserve Bank Note of New York, the defendant says that the original from which the counterfeit was made, was not a security of the United States, because it was not authorized by the Constitution of the United States . . ."

Title 18, U.S.C., § 8 defines obligation or other security of the United States, as "the term 'obligation or other security of the United States' includes all bonds, certificates of indebtedness, national bank currency, Federal Reserve Notes, Federal Reserve bank notes, coupons, United States notes, . . . .."

Respondent has furnished us with a memorandum citing several Eighth Circuit cases which affirmed counterfeiting convictions. However, the constitutionality of Federal Reserve Notes is not reached in any of these cases. Lipscomb has furnished this Court no case authority for his position, stating that his argument is without precedent in the Federal District Court, and that there is no prior case law.

This Court is not inclined to embark upon a sea of fiscal and economic study of the Federal Reserve System without compelling reason. Lipscomb's sentence imposed as a result of his convictions in this Court twenty-five years ago has been fully served. He is no longer in custody under said sentence.

Therefore, this Court, not having been given any legal reason which compels it to act to achieve justice and to question the constitutionality of 18 U.S.C. § 8, does hereby dismiss Lipscomb's motion to vacate judgment and sentence, without further proceeding.

The Court adopts this memorandum opinion as its finding of fact and conclusion of law, and the Clerk will prepare the Order in accordance with the Court's finding herein.