48 F.3d 1222
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Jason MITAN, Petitioner-Appellant,
v.
WARDEN, OXFORD CAMP, Respondent-Appellee.
 No. 93-1813.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 2, 1995.[1]
Decided March 3, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS, and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Jason Mitan was convicted of bankruptcy fraud and filing false tax returns. His direct appeal (United States v. Mitan, 996 F.2d 1165 (7th Cir.1992)), and his petition filed pursuant to 28 U.S.C. Sec. 2255 (Mitan v. United States, No. 92-2538 (7th Cir. Aug. 13, 1992) (unpublished order)) were unsuccessful. He now brings a petition for a writ of coram nobis, challenging the constitutionality of his conviction. Petitioner argues that he was denied due process by the "merger of divergent counts," and by the government's failure to arraign him before a Grand Jury. A writ of coram nobis is an extraordinary remedy which cannot be used here because it is appropriate only in extremely narrow circumstances to correct errors of fact, United States v. Morgan, 346 U.S. 502 (1954), and only when no other remedy is available. United States v. Balistreri, 606 F.2d 216, 219 (7th Cir.1979). Here, petitioner raises constitutional arguments, not factual errors outside the record. See United States v. Keane, 852 F.2d 199, 202 (7th Cir.1988). Also, petitioner had available to him (and he used) the remedy of a direct appeal and a Sec. 2255 petition.[2]
 
 
 2
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Petitioner has filed such a statement, and after careful consideration, we have determined that the case will be taken on the briefs and the record
 
 
 [2]
 Even if we were to construe the petition as a second motion under 28 U.S.C. Sec. 2255, it would be properly denied as a successive motion which is prohibited under that statute