IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60785
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BROADUS V. STEWART, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. J-90-CR-91-5-L
--------------------

November 24, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Broadus V. Stewart, Jr. appeals the district court's denial of his motion for a writ of error coram nobis seeking the reversal of his conviction for operating, and conspiring to operate, an illegal gambling business, in violation of 18 U.S.C. §§ 1955 and 371. Stewart argues that his gambling operation did not violate state law, as is required for liability under § 1955.

In United States v. Morgan, 346 U.S. 502, 512 (1954), the Supreme Court emphasized that the writ of coram nobis could not

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

be used as a substitute for appeal and should only be employed to correct errors of the most fundamental character. United States v. Dyer, 136 F.3d 417, 422 (5th Cir. 1998). The petitioner bears the considerable burden of overcoming the presumption that previous judicial proceedings were correct. Dyer, 136 F.3d at 422.

Title 18 U.S.C. § 1955 prohibits conducting, financing, managing, supervising, directing, or owning all or part of an "illegal gambling business." See 18 U.S.C. § 1955(a). Under Section 1955(b)(1), an illegal gambling business is defined as a gambling business that: (1) violates state or local law; (2) is conducted, financed, managed, supervised, directed, or owned by five or more people; and (3) is in continuous operation for more than 30 days or has a gross revenue of $2,000 in any single day.

The district court did not err in finding that Stewart failed to prove that his gambling operation did not violate Mississippi state law. Miss. Code Ann. § 97-33-1 prohibits gambling except on certain vessels or where made legal under Mississippi law. Stewart's gambling business was not conducted on a vessel, and Stewart has not asserted that his gambling operation was licensed, as is required for legality under Mississippi law. See Miss. Code Ann. § 75-76-3(1).

There is no merit to Stewart's assertions that Mississippi permits all forms of gambling for any purpose by any person, organization, or entity and, thus, that the form of gambling engaged in must be "criminal/prohibited," and not merely regulated, by Mississippi in order to satisfy § 1955's state law

violation requirement.  Stewart's assertions are primarily based on caselaw addressing the state regulation of gambling on Indian lands, which is not relevant in the present case.  <u>See</u> <u>United States v. Hagen</u>, 951 F.2d 261, 264 (10th Cir. 1991) (holding that distinction between regulatory and prohibitory gaming laws was not germane to case involving no issues of jurisdiction over Indian lands).

For the foregoing reasons, the judgment of the district court is AFFIRMED.