UNITED STATES of America, Appellee,

v.

Ronald E. HANBERRY, Appellant.

No. 01–3022.

United States Court of Appeals, District of Columbia Circuit.

Oct. 29, 2001.

Before ROGERS and TATEL, Circuit Judges; WILLIAMS, Senior Circuit Judge.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occa-

sion no need for an opinion. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(b). It is

ORDERED AND ADJUDGED that the district court's orders filed January 4, 2001, and January 31, 2001, be affirmed. The district court did not err in denying coram nobis relief. Even assuming that coram nobis relief would otherwise be available, appellant failed to demonstrate the existence of any error "of the most fundamental character." *United States v. Morgan*, 346 U.S. 502, 510–11, 74 S.Ct. 247, 98 L.Ed. 248 (1954). Appellant relies on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to the jury and proven beyond a reasonable doubt). That case is inapplicable, however. Appellant was convicted and sentenced under 21 U.S.C. § 841(b)(1)(C), which establishes a twenty-year statutory maximum without regard to drug quantity, and appellant's sentence was far below the maximum. Appellant has not shown that assuming counsel's performance was defective, the defense was prejudiced by counsel's performance. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.