United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51014
Conference Calendar

_____

ALLAN RAY MCFARLAND,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-03-CV-269
---------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Allan Ray McFarland was sentenced to 15 years of
imprisonment in 1988 following his guilty-plea conviction
for possession with intent to distribute methamphetamine.
He discharged his sentence on that conviction and is currently
incarcerated following a conviction for being a felon in
possession of a firearm. McFarland filed a petition for a
writ of error <u>coram</u> <u>nobis</u> challenging the validity of his 1988
guilty-plea conviction as being unsupported by a sufficient

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

factual basis. The district court denied McFarland's petition, and McFarland now appeals.

McFarland contends that the factual basis offered in support of his guilty plea was insufficient because the Government did not prove each element of the offense beyond a reasonable doubt. We conclude that the factual basis was sufficient as it alleged facts supporting each element of the offense and it alleged that the Government could prove those facts beyond a reasonable doubt. See United States v. Martinez-Mercado, 888 F.2d 1484, 1491 (5th Cir. 1989); United States v. Dayton, 604 F.2d 931, 943 (5th Cir. 1979). McFarland's guilty plea "obviate[d] the need to have specific 'beyond a reasonable doubt' proof on the . . . statutory elements of the crime." See Clicque v. United States, 514 F.2d 923, 928 n.5 (5th Cir. 1975).

McFarland has not shown that his 1988 drug conviction was invalid. Consequently, the district court's denial of his petition for a writ of error coram nobis is affirmed. United States v. Morgan, 346 U.S. 502, 506-13 (1954); United States v. Marcello, 876 F.2d 1147, 1154 (5th Cir. 1989).

AFFIRMED.