Neal S. HILLIARD, Appellant,

v.

UNITED STATES, Appellee.

No. 04–CO–459.

District of Columbia Court of Appeals.

Submitted June 9, 2005.

Decided July 21, 2005.

Neal S. Hilliard, pro se.

Kenneth L. Wainstein, United States Attorney, and John R. Fisher, Thomas J. Tourish, Jr., Susan Cushman, and Susan A. Nellor, Assistant United States Attorneys, were on the brief for the United States.

Before TERRY, RUIZ and GLICKMAN, Associate Judges.

PER CURIAM:

Appellant Neal S. Hilliard was indicted in 1986 for first degree murder while armed and carrying a pistol without a license. He entered a guilty plea to the lesser-included offense of manslaughter while armed and was sentenced to serve fifteen years to life in prison. Fourteen

years later, still incarcerated, Hilliard moved pursuant to D.C.Code § 23–110 (2001) to set aside his guilty plea on the ground of ineffective assistance of counsel. In the alternative, he petitioned for a writ of error *coram nobis* and re-sentencing on the ground that the trial judge did not know he would be denied parole after fifteen years. The motions judge, who was not the judge who accepted Hilliard's guilty plea and sentenced him, denied him relief without a hearing, and he appeals. We reverse and remand for a hearing to resolve the factual issues raised by Hilliard's ineffective assistance claim.

Among other things, Hilliard alleged that his trial counsel induced him to plead guilty without advising him of (1) the elements of the charged offenses, (2) the evidence, or (3) the government's burden of proof beyond a reasonable doubt, and by promising him that he would receive a favorable "Federal Youth Act" sentence.[1] These claims were supported by Hilliard's own declaration and affidavits from his mother and aunt. Opposing the motion, the government submitted an affidavit of trial counsel essentially denying Hilliard's allegations.[2] The government was unable to submit a tape or transcript of the guilty plea proceeding, however, because the tape apparently was destroyed long ago pursuant to the Superior Court's records retention and disposition policy, and no transcript has been located (if one ever was prepared).

Although confronted with a credibility contest, the motions judge deemed it unnecessary to hold a hearing to resolve Hilliard's motion. Citing the Supreme Court's admonition that "[j]udicial scrutiny of counsel's performance must be highly deferential,"[3] and noting the absence of "concrete evidence" to support Hilliard's factual allegations, the judge "accept[ed] ... as true" counsel's averments that he did inform Hilliard about the charges, the evidence and the government's burden of proof. In addition, the judge stated that "even if" trial counsel had promised Hilliard a Federal Youth Act sentence, such "an error in judgment" did not amount to ineffective assistance. Accordingly, the judge concluded that Hilliard "failed to prove" his trial counsel's performance constitutionally deficient. The judge therefore did not proceed to determine whether Hilliard was prejudiced by his counsel's alleged errors.

We find that the judge erred in deciding the factual issues raised by Hilliard's motion without an evidentiary hearing. *See* D.C. CODE § 23–110(c) (2001) (requiring a hearing "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to

---

**1.** The Federal Youth Corrections Act, 18 U.S.C. §§ 5005–26 ("FYCA"), was repealed by Pub. L. No. 98–473, Title II, § 218(a)(8), 98 Stat. 2027 (1984). Thus, Hilliard could not have been sentenced under the FYCA. He was eligible, however, to be sentenced under the District of Columbia's Youth Rehabilitation Act, D.C.Code § 24–801, *et seq.* (1981).

**2.** Counsel could not recall "specific details," but he averred that, per his normal practice, he "would have reviewed the discovery with [Hilliard] page by page, explained how it relates to the elements of the offense, and told him that the government must prove each

element beyond a reasonable doubt." "I know," counsel added, "that I explained the difference to Mr. Hilliard between first degree murder while armed and manslaughter while armed." Counsel also averred that he "never made any promises to Mr. Hilliard as to what his sentence would be." During the plea proceeding, he recalled, the judge asked Hilliard if anyone had promised him a certain sentence in exchange for his plea of guilty, and Hilliard "answered no."

**3.** *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

no relief"); *see, e.g., Joseph v. United States,* 878 A.2d 1204 (D.C. 2005). "In order to uphold the denial of a § 23–110 motion without a hearing, we must be satisfied that under no circumstances could the petitioner establish facts warranting relief." *Joseph,* 878 A.2d at 1209. We are not satisfied that standard was met here. If Hilliard's factual allegations are true, there can be no doubt that his trial counsel's performance was constitutionally deficient, for a guilty plea is valid only if it is entered "voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf,* —— U.S. ——, ——, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143, —— (2005) (quoting *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). "Where a defendant pleads guilty to a crime without having been informed of the crime's elements, this standard is not met and the plea is invalid." *Id.* (citing *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976)). Similarly, a guilty plea cannot stand "if counsel provides materially erroneous information" about the sentencing consequences of the plea, including a promise of a specific sentence, and the defendant relies upon such advice. *Goodall v. United States,* 759 A.2d 1077, 1082 (D.C.2000).

Moreover, Hilliard's allegations are neither "vague and conclusory" nor "palpably incredible." *Ready v. United States,* 620 A.2d 233, 234 (D.C.1993) (internal citation omitted). While Hilliard's unexplained, long delay before raising his claims may undermine his credibility, it is not enough to negate the need for a hearing on the issue. *Dobson v. United States,* 711 A.2d 78, 83–84 (D.C.1998). Nor are Hilliard's allegations refuted by the existing record,

as they might have been had a tape or transcript of his guilty plea hearing been preserved. *See, e.g., Gregg v. United States,* 395 A.2d 36, 39–40 (D.C.1978). All we have are the word of Hilliard and his witnesses against that of trial counsel. The deference to trial counsel's judgments of which the Supreme Court spoke in *Strickland* is no substitute for an evidentiary hearing to resolve such a conflict and determine what counsel actually did.

Even if his trial counsel furnished deficient representation, Hilliard also must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). It may be, as the government argues, that Hilliard had a strong motivation to plead guilty to manslaughter while armed in order to secure a significantly shorter minimum term of imprisonment than he would have received if convicted of first degree murder while armed and carrying a pistol without a license. Nonetheless, the trial judge did not reach this issue, and we think that it, too, can be settled only by taking testimony. *Joseph,* at 1210–11.

Thus, we reverse the denial of Hilliard's § 23–110 motion and remand the case for the court to hold a hearing at which Hilliard, represented by counsel, will have the chance to prove his assertions.[4]

*So ordered.*

---

4. We do not disturb the denial of Hilliard's alternative petition for a writ of error *coram* *nobis. See Douglas v. United States,* 703 A.2d 1235, 1236 (D.C.1997); *United States v. Ham-*

*id,* 531 A.2d 628, 631–34 (D.C.1987); *United States v. Higdon,* 496 A.2d 618, 619 (D.C. 1985). The trial court's inability to foresee the United States Parole Commission's adverse parole decision was not a fundamental error of fact invalidating Hilliard's sentence. "[S]ubsequent actions taken by the Parole Commission—whether or not such actions accord with a trial judge's expectations at the time of sentencing—do not retroactively affect the validity of the final judgment itself." *United States v. Addonizio,* 442 U.S. 178, 190, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).