**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6569**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES MORROW COLLINS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, Senior District Judge. (3:09-cr-01295-CMC-2)

Submitted: July 26, 2018                                   Decided: July 31, 2018

Before GREGORY, Chief Judge, FLOYD, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Morrow Collins, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Morrow Collins, Jr., appeals the district court's order denying his petition for a writ of error coram nobis. Collins maintained in his petition—filed in January 2018—that his prosecution in 2009 and 2010[*] was based on "political revenge, corruption, extortion, civil rights violations, bigotry[,] and intolerance of powerful government officials" and that his political enemies conspired with others and paid law enforcement officials to investigate and prosecute him due to ideological differences. We affirm.

On appeal from the district court's denial of a petition for a writ of error coram nobis, we review factual findings for clear error, questions of law de novo, and the court's ultimate decision to deny the writ for an abuse of discretion. *Bereano v. United States*, 706 F.3d 568, 575 (4th Cir. 2013). Further, we may affirm on any ground apparent in the record. *United States ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 375 (4th Cir. 2015).

---

[*] Following a jury trial, Collins was convicted in May 2010 of conspiracy to violate the Animal Welfare Act and to engage in an illegal gambling business, in violation of 18 U.S.C. § 371 (2012), two counts of participation in an unlawful animal fighting venture, in violation of 7 U.S.C. § 2156 (2012) and 18 U.S.C. § 2 (2012), and two counts of operating an illegal gambling business, in violation of 18 U.S.C. §§ 2, 1955 (2012). He was sentenced to 21 months in prison. On direct appeal, this court affirmed the conspiracy and gambling convictions, vacated the animal fighting convictions, and remanded for further proceedings. *United States v. Lawson*, 677 F.3d 629, 656 (4th Cir. 2012). On remand in 2012, the animal fighting charges were dismissed, and Collins was resentenced to 21 months in prison. Collins appealed this sentence, and this court affirmed. *United States v. Collins*, 550 F. App'x 143, 148 (4th Cir. 2014) (No. 12-4940).

Coram nobis is an extraordinary remedy that is available only under circumstances compelling relief in order to achieve justice. *United States v. Morgan*, 346 U.S. 502, 512-13 (1954). To obtain coram nobis relief, the petitioner must satisfy "four essential prerequisites." *Bereano*, 706 F.3d at 576. First, "a more usual remedy (such as habeas corpus) must be unavailable." *Id.* Second, there must be a "valid basis" for the petitioner having not attacked his convictions earlier. *Id.* Third, "the consequences flowing to the petitioner from his convictions must be sufficiently adverse to satisfy Article III's case or controversy requirement." *Id.* Fourth and finally, "the error that is shown must be of the most fundamental character." *Id.* (internal quotation marks omitted).

We conclude after review of the record that Collins' coram nobis effort fails because he has not shown that valid reasons exist for not attacking his convictions earlier. Although there is no firm limitation of time within which a writ of error coram nobis will lie, a petitioner seeking such relief is required to demonstrate that "sound reasons exist[] for failure to seek appropriate earlier relief." *Morgan*, 346 U.S. at 512. Collins could have challenged the propriety of his prosecution on the bases alleged in his petition in the trial proceedings, on direct appeal, or in his 28 U.S.C. § 2255 (2012) motion to vacate but did not do so. Collins' petition relies on events allegedly occurring and documents dated no later than 2010. He does not explain, however, why he brought his challenges in the coram nobis petition over seven years later.

Accordingly, we affirm the district court's order denying Collins' petition. *United States v. Collins*, No. 3:09-cr-01295-CMC-2 (D.S.C. May 2, 2018). We dispense with

3

oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*