UNITED STATES of America ex rel. Anthony BAERCHUS, Appellant,

v.

Charles G. DAY, Warden, State Penitentiary, Graterford, Pennsylvania.

No. 11780.

United States Court of Appeals Third Circuit.

Submitted Feb. 6, 1956.

Decided May 1, 1956.

Anthony Baerchus, pro se.

W. Wilson White, U. S. Atty., Philadelphia, Pa., for respondent.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

PER CURIAM.

The petitioner, Anthony Baerchus, has filed a document in this Court labeled by him "Petition for Allowance of Appeal." He states that his petition is in the nature of a writ of coram nobis. 28 U.S. C. § 1651(a). Petitioner is a prisoner confined to a state institution in Pennsylvania. He says that by virtue of two improper prior federal convictions he has been dealt with more harshly in Pennsylvania than he otherwise would have been.

We will not go into the question as to whether his petition now presents a moot point but will assume that it does not. See United States v. Morgan, 1954, 346 U.S. 502, 512, 74 S.Ct. 247, 98 L.Ed. 248; Fiswick v. United States, 1946, 329 U. S. 211, 220, 67 S.Ct. 224, 91 L.Ed. 196.

Through the cooperation of the United States Attorney's office we are advised by the Board of Pardons of the Commonwealth of Pennsylvania that, in the opinion of the secretary of the board, the federal offenses had nothing to do with that board's refusal of commutation of sentence. Nevertheless, since it does appear that the board knew of the federal convictions, we have followed up the matter to make sure that full justice is done the petitioner. Again, through the cooperation of the United States Attorney, we have photostat copies of the documents pertaining to Baerchus in both the Middle District of Pennsylvania and the District of New Jersey.

In docket number 9743, Middle District of Pennsylvania, District Court of the United States, it appears that on the 19th of January, 1939, the accused, with "full knowledge of his rights waived assistance of counsel" and entered a plea of guilty. He made no further statement and was sentenced to a year and a

day in the federal penitentiary on two counts which were to run concurrently.

On January 26, 1942, petitioner appeared before the bar of the court of the District of New Jersey and signed a waiver of his right to counsel and expressed the desire and intention to plead guilty to an indictment there brought.

Since denial of counsel is the basis of petitioner's communication to this Court, and since it appears from the official records that there is no merit to the claim he makes, the petition will be denied.