**UNITED STATES of America, Appellee**

v.

**Wilbert S. BRODIE, also known as Kharii Wilston Anthony Brodie, Appellant**

**No. 17-3078**

**September Term, 2017**

United States Court of Appeals, District of Columbia Circuit.

Filed On: December 20, 2017

Elizabeth Trosman, Esquire, Assistant U.S. Attorney, USAO Appellate Counsel, U.S. Attorney's Office, (USA) Appellate Division, Washington, DC, for Plaintiff-Appellee

Wilbert S. Brodie, Pro Se

BEFORE: Rogers, Srinivasan, and Wilkins, Circuit Judges

## JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by the appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders filed June 14, 2016 and October 5, 2016 be affirmed. Appellant seeks a writ of coram nobis, arguing that the evidence at trial was insufficient to show that he made false statements on a loan application to any FDIC-insured institution. Appellant raised this argument during his trial and on direct appeal and has not identified any error "not correctible on direct appeal," United States v. McCord, 509 F.2d 334, 341 (D.C. Cir. 1974), or otherwise demonstrated that the "extraordinary remedy" of coram nobis relief is required "to achieve justice," United States v. Morgan, 346 U.S. 502, 511, 74 S.Ct. 247, 98 L.Ed. 248 (1954); see also United States v. Denedo, 556 U.S. 904, 911, 129 S.Ct. 2213, 173 L.Ed.2d 1235 (2009). Nor has appellant shown that the alleged error was "of the most fundamental character, … such as rendered the proceeding itself irregular and invalid." United States v. Addonizio, 442 U.S. 178, 186, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) (quoting United States v. Mayer, 235 U.S. 55, 69, 35 S.Ct. 16, 59 L.Ed. 129 (1914)).

To the extent appellant raised a claim of ineffective assistance of counsel in his district court petition, he has not renewed that claim on appeal, and accordingly it is deemed forfeit. See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004). Finally, appellant argues on appeal that the wire fraud charges against him were brought outside the applicable limitations period, and that his convictions are void for lack of jurisdiction regardless of whether he satisfied the requirements for a writ of coram nobis, but those arguments were not presented to the district court and "cannot be considered for the first time on appeal." United States v. Stover, 329 F.3d 859, 872 (D.C. Cir. 2003).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.