# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**GREGORY J. MURRAY,**
**United States Army, Petitioner**
v.
**UNITED STATES, Respondent**

ARMY MISC 20180025

For Petitioner:  Mr. William E. Cassara, Esquire (on brief).

31 January 2018

------------------------------------------------------------------
SUMMARY DISPOSITION AND ACTION ON PETITION FOR
EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF
*CORAM NOBIS*
------------------------------------------------------------------

CAMPANELLA, Senior Judge:

Petitioner, who was convicted at a general court-martial of rape of a person under the age of twelve in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2012) [UCMJ], is not entitled to *coram nobis* relief in the form of vacating his court-martial findings and sentence based on allegations of prosecutorial misconduct.  We find the allegations of prosecutorial conduct were known by appellant prior to the original court-martial judgment.  We also find no valid reason for petitioner's failure to raise this issue during his court-martial and seek relief earlier.  Accordingly, we find petitioner's writ does not meet the threshold criteria for *coram nobis* review and therefore, dismiss this petition for lack of jurisdiction.

Petitioner was convicted of raping JJ when she was less than twelve years old.  Petitioner's conviction stands primarily on JJ's testimony.  On 22 July 2014, this court affirmed petitioner's conviction.  The Court of Appeals for the Armed Forces denied a grant of review of petitioner's conviction on 25 November 2014 and denied a request for reconsideration on 21 April 2015.  Petitioner's direct appeal is final under Article 71(c)(1) and Article 76, UCMJ.  Petitioner now requests this court provide extraordinary relief in the nature of a writ of *coram nobis*, requesting to declare his conviction null and void, alleging that during his court-martial, the trial counsel threatened a witness who possessed information favorable to the petitioner into not testifying.

## BACKGROUND

Petitioner now alleges that his roommate, Captain (CPT) KB, while sitting in the prosecution's waiting room during petitioner's Article 32 hearing, overheard victim, JJ, say to her mother: "How am I supposed to remember all of this?" and "I can't remember what you told me to tell them."

Petitioner asserts CPT KB informed him of the alleged conversation between JJ and her mother, and petitioner, in turn, told his defense counsel, who asked CPT KB if he would testify about the conversation to impeach the child-victim's credibility. Captain KB agreed.

Petitioner alleges that during his court-martial, the prosecutor, Lieutenant Colonel (LTC) Matthew McDonald, took CPT KB aside, and asked him a series of questions related to the rental arrangement between petitioner and CPT KB and asked CPT KB whether he reported the rental income on his income taxes.[1] Petitioner asserts that during this conversation LTC McDonald threatened CPT KB with criminal prosecution, and reporting him to his chain of command and the Internal Revenue Service (IRS), if he testified for petitioner.

Petitioner asserts that after LTC McDonald threatened CPT KB, he informed petitioner he could not testify for the reasons noted above. Petitioner indicates he told his attorney that CPT KB could not testify on his behalf but did not explain why. Captain KB did not testify.

In support of his writ, petitioner provides an affidavit from KB, who asserts the facts above and states that, but for LTC McDonald's threats, he would have testified favorably at petitioner's court-martial as to what he heard. Petitioner's affidavit asserted that after his release from confinement in March 2016, he spoke with KB, who was comfortable coming forward because he had gotten out of the Army.

In his own affidavit, petitioner provides several reasons for not raising this issue to his defense counsel or the court during his court-martial. Petitioner states he was "overwhelmed" by the court-marital process. He also states he did not want to ruin his friend's career when he believed his own career was ruined regardless of the court-martial outcome. Lastly, he did not understand LTC McDonald's alleged actions were illegal.

---

[1] During a pre-trial hearing, LTC McDonald attempted to persuade the court to allow the government to enter information into evidence in an attempt to impeach CPT KB. Specifically, the information related to CPT KB allegedly paying a discounted rate for unrelated legal services, to petitioner's defense counsel, in exchange for favorable testimony in petitioner's court-martial. The military judge ruled against the government.

**LAW AND ANALYSIS**

Article 66, UCMJ, confers upon this court jurisdiction to consider petitioner's claims and issue a writ of *coram nobis* if necessary and appropriate in aid thereof. *See United States v. Denedo*, 66 M.J. 114, 123 (C.A.A.F. 2008) (*Denedo I*); *United States v. Denedo*, 556 U.S. 904, 917 (2009) (*Denedo II*); 28 U.S.C. § 1651(a) (All Writs Act). The All Writs Act does not expand our underlying jurisdiction to consider "the findings and sentence as approved by the convening authority." UCMJ, art. 66(c); *Denedo I*, 66 M.J. at 120; *Denedo II*, 556 U.S. at 914.

The Supreme Court established the landscape of our inquiry in *Denedo II*. "Because *coram nobis* is but an extraordinary tool to correct a legal or factual error, an application for the writ is properly viewed as a belated extension of the original proceeding during which the error allegedly transpired." *Denedo II*, 556 U.S. at 912-13.

In *United States v. Morgan*, 346 U.S. 502, 511-12 (1954) the Supreme Court observed that *coram nobis* permits the "[c]ontinuation of litigation after final judgment and exhaustion or waiver of any statutory right of review," but only under very limited circumstances. Although a petition may be filed at any time without limitation, a petitioner must meet all six stringent threshold requirements: (1) the alleged error is of the most fundamental character;[2] (2) no remedy other than *coram nobis* is available to rectify the consequences of the error; (3) valid reasons exist for not seeking relief earlier; (4) the new information presented in the petition could not have been discovered through the exercise of reasonable diligence prior to the original judgment; (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and (6) the sentence has been served, but the consequences of the erroneous conviction persist. *Denedo I,* 66 M.J. at 126 citing *Morgan*, 346 U.S. at 512-13; *Loving v. United States*, 62 M.J. 235, 252-53 (C.A.A.F. 2005).

First, assuming petitioner's claims are true, petitioner's writ alleges an error that is clearly fundamental in character in that it has the potential to affect the credibility of the child victim's testimony in this case. Second, there appears to be no other remedy available to petitioner.

As to the third criteria, we find it is not met. This court finds no valid reason why petitioner did not seek relief earlier. Petitioner's assertions that he was overwhelmed by the court-martial process, did not want to injure his friend's career,

---

[2] Because the standard for granting extraordinary relief requires a petitioner to establish that issuance of the requested writ is "necessary and appropriate," we interpret this first prerequisite to mean a petitioner must do more than merely *allege* error. *See* 28 U.S.C. § 1651(a); *Denedo I*, 66 M.J. at 126. He has the burden to establish the error occurred.

and did not understand the full import of LTC McDonald's conduct, are not credible.[3] Had petitioner explained the situation to his defense counsel at the time, action could have been taken to address the alleged misconduct. We find petitioner's reasons unreasonable and unconvincing.

As to the fourth criteria—whether the alleged prosecutorial misconduct could have been discovered using reasonable diligence—the information was known by appellant at the time of his court-martial prior to the original judgment. Defense's argument, that LTC McDonald's misconduct was not "discovered" because petitioner failed to inform his defense counsel due to his concern for his friend's career and his misunderstanding of the seriousness of the alleged misconduct, falls flat with this court. Petitioner had actual knowledge during his court-martial of the very information he puts before this court today including the underlying information that could be used in an attempt to impeach the victim. Curiously, the record before us conspicuously contains no information regarding the defense counsel's response to being informed by his client that a key witness in the case would not be testifying. Because a defense counsel decides which witnesses to call, and because of the nature of witnesses testimony in this case, we find the petitioner's assertion of unquestioning acceptance by the defense counsel to be implausible, and again, unconvincing.[4]

Finally, we have recently held that an extraordinary writ cannot be used as an end-run around the two-year time limit for considering a petition for new trial under Article 73, UCMJ. *Unites States v. Roberts*, ARMY MISC 20180005, __ M.J. __ (Army. Ct. Crim. App. 30 Jan. 2018).

Based on the foregoing, we find petitioner's claim does not meet the threshold criteria for *coram nobis* review.[5]

NOW, THEREFORE, IT IS ORDERED:

This petition is DISMISSED for lack of jurisdiction.

Judge SALUSSOLIA and Judge FLEMING concur.

---

[3] Even if his actions in this regard were reasonable, petitioner could have raised these issues during direct appeal or any time within the two-year limitation established by Article 73, UCMJ, for considering petitions for new trial based on fraud on the court-martial.

[4] We need not decide the two remaining criteria.

[5] This court directs the Clerk of Court to process this allegation in accordance with appropriate protocols regarding allegations of prosecutorial misconduct.



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court