# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| In re Vincent L. WILLIAMS | ) | Misc. Dkt. No. 2022-11 |
| *Petitioner* | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | ORDER |
| | ) | |
| | ) | |
| | ) | |
| | ) | Panel 1 |

Petitioner seeks extraordinary relief in the nature of a writ of error *coram nobis*. He asks us to set aside the punitive discharge from his 2007 court-martial under the theories that his confrontation rights were violated and he did not receive the benefit of his pretrial agreement. Petitioner has raised variations of these same claims both on direct appeal and through habeas corpus petitions.

## I. BACKGROUND

In 2007, Petitioner was convicted by a general court-martial, consistent with his pleas and pursuant to a pretrial agreement, of carnal knowledge and indecent acts with his stepdaughter in violation of Articles 120 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 934.[1] Petitioner had been charged with raping his stepdaughter, but the Government—under the terms of the pretrial agreement—did not proceed on that greater charge, leaving Petitioner convicted of the lesser included offense of carnal knowledge. He was sentenced by a panel of members to a dishonorable discharge, 18 years and 4 months of confinement, forfeiture of all pay and allowances, and reduction to the grade of E-1. In accordance with the pretrial agreement, the convening authority reduced Petitioner's confinement to 15 years, but otherwise approved the adjudged sentence.

Among other provisions in the pretrial agreement, Petitioner agreed to enter into a stipulation of expected testimony with respect to the victim, his stepdaughter. In general, the stipulation described severe and repeated abuse she

---

[1] *See generally United States v. Williams*, No. ACM 36996, 2009 CCA LEXIS 256 (A.F. Ct. Crim. App. 15 Jul. 2009) (unpub. op.) (discussing Petitioner's charges and his court-martial).

suffered at Petitioner's hands and highlighted her initial attempts to resist Petitioner's advances. During sentencing, trial counsel argued the nonconsensual aspect of Petitioner's offenses, while trial defense counsel told the members that Petitioner had not been convicted of raping his stepdaughter and should not be sentenced as if he had.[2]

In his direct appeal of his case, Petitioner argued, *inter alia*, that trial counsel's argument amounted to plain error because the pretrial agreement prohibited the Government from proceeding on the rape charge. We rejected this claim as being without merit. *United States v. Williams*, No. ACM 36996, 2009 CCA LEXIS 256, at *28–29 (A.F. Ct. Crim. App. 15 Jul. 2009) (unpub. op.). The United States Court of Appeals for the Armed Forces (CAAF) subsequently denied review. *United States v. Williams*, 69 M.J. 190 (C.A.A.F. 2010). Petitioner's dishonorable discharge was then ordered to be executed on 19 July 2010, rendering his case final under Article 76, UCMJ, 10 U.S.C. § 876. *See United States v. Williams*, Misc. Dkt. No. 2011-05, 2011 CCA LEXIS 893, at *3 (A.F. Ct. Crim. App. 26 Oct. 2011) (order).

In 2011, we responded to a petition for extraordinary relief in the nature of a writ of habeas corpus in which Petitioner raised various issues with respect to the stipulation and the Government's use of it during presentencing proceedings. *Id.* at *1. Concluding Petitioner had presented "nothing more than a rehash of claims [he had] already raised unsuccessfully on direct judicial review," we denied relief. *Id.* at *4–5. In 2015, Petitioner sought a second writ of habeas corpus, which we denied for lack of jurisdiction. *Williams v. United States*, Misc. Dkt. No. 2015-01, 2016 CCA LEXIS 216, at *2–3 (A.F. Ct. Crim. App. 4 Apr. 2016) (unpub. op.).

Petitioner now returns to this court seeking extraordinary relief in the nature of a writ of error *coram nobis*. He asserts the stipulation of expected testimony never should have been admitted at his court-martial, under the theory it violated his confrontation rights under the Sixth Amendment.[3] Relatedly, Petitioner asserts he did not receive the benefit of his pretrial agreement inasmuch as trial counsel argued the victim did not consent to Petitioner's acts, despite the fact the Government was not going forward with the greater offense of rape.

---

[2] Under the versions of Article 120, UCMJ, 10 U.S.C. § 920, in effect at the time of Petitioner's offenses, rape required proof of both force and lack of consent. Carnal knowledge, however, involved sexual intercourse with a person under the age of 16, irrespective of consent.

[3] U.S. CONST. amend. VI.

## II. LAW

The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs. *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005) (citing *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999)). As explained by the United States Supreme Court, "[t]he writ of *coram nobis* is an ancient common-law remedy designed 'to correct errors of fact.'" *United States v. Denedo*, 556 U.S. 904, 910 (2009) (quoting *United States v. Morgan*, 346 U.S. 502, 507 (1954)). Appellate military courts have jurisdiction over petitions for *coram nobis* relief "to consider allegations that an earlier judgment of conviction was flawed in a fundamental respect." *Id.* at 917. The writ of error *coram nobis* is an extraordinary writ and an extraordinary remedy. *Id.* (citation omitted). As the Supreme Court has explained: "Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." *Morgan*, 346 U.S. at 511.[4]

In order to be entitled to a writ of error *coram nobis*, the CAAF has held that a petitioner must meet the following threshold requirements:

> (1) the alleged error is of the most fundamental character; (2) no remedy other than *coram nobis* is available to rectify the consequences of the error; (3) valid reasons exist for not seeking relief earlier; (4) the new information presented in the petition could not have been discovered through the exercise of reasonable diligence prior to the original judgment; (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and (6) the sentence has been served, but the consequences of the erroneous conviction persist.

---

[4] One initial question is whether we have *coram nobis* jurisdiction at all over a case which is final. The CAAF recently held that once a case is final under Article 76, UCMJ, 10 U.S.C. § 876, that court has no jurisdiction to hear a petitioner's plea for *coram nobis* relief. *See United States v. Gray*, 77 M.J. 5, 6 (C.A.A.F. 2017) (per curiam). This conclusion, however, is difficult to square with the United States Supreme Court's holding in *Denedo*, 556 U.S. at 914–15, that the military appellate courts had *coram nobis* jurisdiction over the petition before the Court. As was the case in *Gray*, the petitioner's case in *Denedo* had been final for some time before *coram nobis* relief was sought. *See Denedo v. United States*, 66 M.J. 114, 136–37 (C.A.A.F. 2008) (Ryan, J., dissenting). At least one of our sister service Courts of Criminal Appeals has limited the *Gray* holding to the facts of that capital case in which an execution date had been set. *See In re Trujillo*, No. 9100502, 2021 CCA LEXIS 374, at *4 n.6 (N.M. Ct. Crim. App. 28 Jul. 2021) (per curiam) (unpub. op.). We do the same and conclude we have jurisdiction over the petition at issue here.

*Denedo v. United States*, 66 M.J. 114, 126 (C.A.A.F. 2008) (citations omitted), *aff'd and remanded*, 556 U.S. 904 (2009). Only once a petitioner meets those threshold requirements would we consider the substantive issues being raised.

## III. DISCUSSION

At a minimum, Petitioner has failed to meet the first, third, fourth, and fifth *Denedo* requirements, articulated by the CAAF, for his alleged errors. Petitioner has repeatedly assailed the stipulation of expected testimony, yet it was Petitioner who explicitly agreed to enter into that stipulation in exchange for a 15-year limit on his potential confinement and to preclude the Government from proceeding to trial on the greater offense of rape. Petitioner was within his rights to waive his confrontation rights with respect to this stipulation. *See, e.g.*, *United States v. Harcrow*, 66 M.J. 154, 157 (C.A.A.F. 2008) (explaining that confrontation rights may be waived in support of a sound trial strategy). Regardless of the question of waiver, however, this matter has been known to Petitioner since his court-martial, and his post-trial claims regarding the stipulation evince little more than him second-guessing the wisdom of agreeing to the stipulation in the first place.

Petitioner has presented his base contentions both during his direct appeal and in petitions for extraordinary relief—namely, that the stipulation of expected testimony alleged nonconsensual conduct and trial counsel made use of that fact during the Government's sentencing argument. Although Petitioner's legal theories have shifted over the years, he has failed to show a valid reason for not advancing those theories earlier; that he possesses any new information; or that he is seeking evaluation of new evidence or legal issues. Moreover, he has not demonstrated how any error was fundamental in the face of the fact that Petitioner himself paved the way for the stipulation's use at his court-martial.

Based on the foregoing, we conclude Petitioner has not carried his burden to demonstrate that his case warrants extraordinary relief in the form of a writ of error *coram nobis*.

Accordingly, it is by the court on this 16th day of November, 2022,

**ORDERED:**

The Petition for Extraordinary Relief in the Nature of a Writ of Error *Coram Nobis* is **DENIED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court