# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 24-3194**

**September Term, 2025**

FILED ON: JANUARY 16, 2026

UNITED STATES OF AMERICA,
                    APPELLEE

v.

JOSEPH A. CERRONI, JR.,
                    APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:93-cr-00276-1)

---

Before: SRINIVASAN, *Chief Judge*, and KATSAS and RAO, *Circuit Judges*.

**J U D G M E N T**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The panel has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the district court's order denying Appellant's petition for a writ of coram nobis be **AFFIRMED**.

"[T]he All Writs Act gives federal courts authority to issue writs of coram nobis to correct fundamental errors in criminal proceedings where the person is no longer in custody." *United States v. Newman*, 805 F.3d 1143, 1145 (D.C. Cir. 2015) (describing the holding of *United States v. Morgan*, 346 U.S. 502 (1954)). The writ is appropriate, however, only to correct "errors of the most fundamental character"; "occasions for its use" have remained "infrequent." *Morgan*, 346 U.S. at 512, 507 (cleaned up); *see Carlisle v. United States*, 517 U.S. 416, 429 (1996) ("It is difficult to conceive of a situation in a federal criminal case today where a writ of *coram nobis* would be necessary or appropriate.") (cleaned up).

Courts in this Circuit have limited the writ to circumstances in which petitioners show that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or

controversy requirement of Article III; and (4) the error is of the most fundamental character." *United States v. Lee*, 84 F. Supp. 3d 7, 9 (D.D.C. 2015) (quoting *United States v. Hansen*, 906 F. Supp. 688, 692–93 (D.D.C. 1995)). Both parties in this case treat that test as the governing framework, so we will do the same. And we have no need to decide whether to review the district court's application of that test for abuse of discretion or de novo, because either way, appellant has failed to satisfy at least two of the required elements.

First, appellant identifies no error—let alone "error [ ] of the most fundamental character," *id.*—affecting his decision to plead guilty to knowingly making false statements under 18 U.S.C. § 1010. Appellant contends that he received ineffective assistance of counsel, but he shows neither that his counsel performed deficiently nor that he was prejudiced in any way. *See Newman*, 805 F.3d at 1146; *see generally Strickland v. Washington*, 466 U.S. 668 (1984). The record does not support appellant's contention that counsel misrepresented the mens rea that the government is required to prove under Section 1010. To the contrary, both counsel and the trial judge ensured that appellant fully understood all elements of the offense, including that he had made the false statements "knowingly." *See* App. 68–70, 80–81. Appellant is mistaken to the extent he contends that Section 1010 requires a mens rea greater than knowledge or that he never admitted to the "knowingly" element. And because his objection to his guilty plea rests upon that mistake, there is no basis to conclude that, if not for his counsel's supposedly erroneous advice, he "would not have pleaded guilty and would have insisted on going to trial." *Premo v. Moore*, 562 U.S. 115, 129 (2011) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Second, appellant fails to offer a "valid reason[] . . . for not attacking the conviction earlier." *Lee*, 84 F. Supp. 3d at 9. Appellant waited three decades to seek relief. His sole explanation—that he did not become aware that Section 1010 required "scienter" until reading about an unrelated United States Supreme Court case in the newspaper in 2022—plainly fails to justify his failure to challenge the conviction earlier. As explained, Section 1010 requires scienter only in the sense of requiring a knowing violation, and appellant acknowledged when he pleaded guilty that he had knowingly made a false statement. "As none of the material facts or applicable laws have changed since defendant's conviction, he could have raised" his arguments in a "direct appeal," which he instead forwent. *Id.* at 9–10; *cf. In re Egan*, 339 F. App'x 314, 315 (4th Cir. 2009) ("Coram nobis . . . is not a substitute for direct appeal.").

For those reasons, we affirm the district court's order denying appellant's petition for the extraordinary writ of coram nobis.

\*    \*    \*    \*    \*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(b).

3

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:   /s/
 Daniel J. Reidy
Deputy Clerk